OPINION
{¶ 1} B.J., a minor, appeals from a judgment of the Montgomery County Court of Common Pleas, Juvenile Division, which committed him to the Department of Youth Services ("DYS") for a minimum of six months following an adjudication that he was delinquent.
 {¶ 2} In August 2005, the state filed a complaint alleging that B.J., age 17, was a delinquent child for committing four counts of theft and one count of safecracking. In December 2005, the trial court conducted an adjudication hearing at which B.J. was represented by appointed counsel. Pursuant to an agreement with the state, B.J. admitted to safecracking in exchange for the dismissal of the theft charges. The court found B.J. delinquent and scheduled a dispositional hearing. In March 2006, B.J. appeared before the court for his dispositional hearing without an attorney. After a brief discussion with the court about his right to speak with an attorney, the court proceeded to commit B.J. to DYS for a minimum of six months but not beyond his 21st
birthday.
 {¶ 3} B.J. raises one assignment of error on appeal, in which he asserts that the trial court violated his right to counsel at the dispositional hearing. B.J. does not challenge the finding of delinquency.
 {¶ 4} During the adjudication hearing, at which B.J. was represented by counsel, the magistrate made it very clear to B.J. that detention of some sort was "a very real possibility." B.J. had been in detention eight times since 1997, including electronic home monitoring and a prior commitment to DYS. Moreover, new charges were pending against him. Although the magistrate released B.J. until the dispositional hearing, he cautioned B.J. that, if he got a new charge, did not show up, did not keep his appointment with a psychologist, or tested positive for drugs, he would be going to detention and "will not be getting out."
 {¶ 5} Indeed, B.J. did not show up for the dispositional hearing that was originally scheduled for January 2006. He subsequently turned himself in and the hearing was held in March 2006. B.J.'s parents were present at this hearing, but he was not represented by an attorney.
 {¶ 6} B.J. argues on appeal that the trial court violated his right to counsel by failing to appoint counsel for the dispositional hearing and by failing to determine whether he had knowingly, voluntarily, and intelligently waived his right to an attorney. The state contends that the record demonstrates that B.J. knowingly, voluntarily, and intelligently waived his right to counsel, and that he reasonably proceeded without counsel because he knew that commitment to an institution was inevitable.
 {¶ 7} R.C. 2151.352 provides: "A child, the child's parents or custodian, or any other person in loco parentis of the child is entitled to representation by legal counsel at all stages of the proceedings under this chapter or [R.C. Chapter 2152]. * * * If a party appears without counsel, the court shall ascertain whether the party knows of the party's right to counsel and of the party's right to be provided with counsel if the party is an indigent person. The court may continue the case to enable a party to obtain counsel * * *."
 {¶ 8} We have addressed a juvenile's right to counsel on numerous prior occasions. "We * * * have observed `that there is no material difference with respect to the constitutional right to counsel between adult and juvenile proceedings.' In re Doyle (1997),122 Ohio App.3d 767, 771, 702 N.E.2d 970, citing In re Gault (1967), 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527. As a result, a court must fully and clearly explain the right to counsel to a juvenile defendant, who then must affirmatively waive that right on the record. [In re Stovall, (Aug. 6, 1999), Miami App. No. 99 CA 7]. `Like an adult's waiver, a juvenile's waiver of the right to counsel must be voluntary, knowing, and intelligent.' Doyle, 122 Ohio App.3d at 771, citing State v. Gibson
(1976), 45 Ohio St.2d 366, 345 N.E.2d 399. In Gibson, the Ohio Supreme Court recognized that a criminal defendant has a constitutional right of self-representation, and she may defend herself when she voluntarily, knowingly, and intelligently elects to do so. Id. at 377-378. As we cautioned in State v. Dyer (1996), 117 Ohio App.3d 92, 95,689 N.E.2d 1034, however, `[c]ourts are to indulge in every reasonable presumption against the waiver of a fundamental constitutional right[,] including the right to be represented by counsel.' As a result, a valid waiver affirmatively must appear in the record, and the state bears the burden of overcoming the presumption against a valid waiver. Id." In reBays, Greene App. Nos. 2002-CA-52 and 2002-CA-56, 2003-Ohio-1256, ¶ 8.
 {¶ 9} With respect to his representation by an attorney at the dispositional hearing, the magistrate engaged in the following discussion with B.J.:
 {¶ 10} Court: "[B.], my question I'm going to ask you is, you do have a right prior to disposition to speak with your attorney if you would like to. Of course, that would mean that you are going to be detained. We would hold you in detention until that dispositional hearing. If you would like to talk to an attorney before that, I want to afford you that opportunity, okay. Would you like to talk to an attorney or are you prepared to go forward with disposition today?
 {¶ 11} B.J.: "I'm prepared to go forward.
 {¶ 12} Court: "Okay. I just wanted to make sure that you knew that was available."
 {¶ 13} The state claims that this exchange, coupled with B. J.'s prior experience with the juvenile court and his representation by counsel at the adjudicatory hearing, refute his claim that he did not understand the right to counsel or that he did not knowingly, voluntarily, and intelligently waive that right. The state also relies on the magistrate's prior representation of B.J. while serving as a public defender as having made the court "aware of [B.J.'s] understanding of his right to counsel."
 {¶ 14} Because the burden is on the state to overcome the presumption against a valid waiver, we must conclude that the record does not establish a valid waiver of the right to counsel.
 {¶ 15} The magistrate's exchange with B.J. at the dispositional hearing did not inform B.J. that he had a right to have an attorney present with him at the hearing or that the state was obligated to pay for an attorney if B.J. was unable to do so. Although B.J. may have been aware of one or both of these rights from his prior dealings with the court, the record does not establish this fact. Moreover, asking an accused whether he is ready to go forward without counsel, without explaining the right to counsel, "can hardly qualify as an affirmative waiver" of the right to counsel. In re Lander, Butler App. No. CA99-05-96, 2000-Ohio-2755. Even if the colloquy informed B.J. of his right to counsel, it was insufficient to enable the court to ascertain whether B.J. knew of his right to be provided with counsel, at the state's expense, if he could not afford one. See In re Perreira (Jan. 26, 2001), Darke App. No. 1523. Further, the colloquy in this case did not address the right to have an attorney present at the hearing. We disagree with the state's assertion that the dialogue that occurred in this case satisfied these requirements. On this record, we cannot conclude that the magistrate's prior representation of B.J. cures the deficient dialogue. Accordingly, we must "indulge in every reasonable presumption against the waiver of a fundamental constitutional right[,] including the right to be represented by counsel" and conclude that B.J. was not adequately informed of, and did not knowingly, intelligently, and voluntarily waive, his right to counsel at the dispositional hearing. Doyle, 122 Ohio App.3d at 771; Bays, 2003-Ohio-1256.
 {¶ 16} In so holding, we recognize that other courts have occasionally relied upon evidence in the record — such as the child's prior involvement with the system, his age, his level of intelligence, and the support of his parents — to ascertain whether a juvenile understood the nature of the proceedings and his rights therein. See, e.g.,Estes, Washington App. No. 04CA11, 2004-Ohio-5163; In re Griffin (Sept. 27, 1996), Union App. No. 14-96-14. While these factors may be relevant to a valid waiver in some circumstances, as a general rule, we do not believe that these factors, without more, can establish a juvenile's knowledge of his legal rights. For that reason, we conclude, as we have before, that a juvenile "cannot possibly make a voluntary, knowing, and intelligent decision to waive [his] constitutional right to counsel without the trial court engaging in at least a short colloquy" about the right to an attorney and about the juvenile's understanding of the relinquishment of that right. Bays, 2003-Ohio-1256, ¶ 12.
 {¶ 17} B.J.'s assignment of error is sustained.
 {¶ 18} The judgment of the trial court will be reversed with respect to B.J.'s disposition, and the matter will be remanded for a new dispositional hearing at which B.J. is represented by counsel or at which a valid waiver of the right to counsel is placed on the record.
GRADY, P.J. and FAIN, J., concur.