OPINION
{¶ 1} R.A.I., to whom we will refer as "Richard," appeals from a judgment of the Miami County Court of Common Pleas, Juvenile Division, which committed him to the Department of Youth Services after he had been adjudicated to be delinquent in separate proceedings in the Montgomery and Clark County Juvenile Courts.
 {¶ 2} In March 2006, the state filed a complaint in the Montgomery County Juvenile *Page 2 
Court alleging that Richard was a delinquent for committing felonious assault. In May 2006, Richard admitted to delinquency for committing the amended charge of aggravated assault. He was represented by an attorney when he entered his plea.
 {¶ 3} In June 2006, the state filed a complaint in the Clark County Juvenile Court alleging that Richard was a delinquent child for receiving stolen property. Richard admitted to receiving stolen property. Richard waived his right to an attorney at this hearing.
 {¶ 4} The Montgomery and Clark County cases were transferred to Miami County for disposition because Richard's family had moved to Miami County. On July 10, 2006, Richard appeared before the Miami County Juvenile Court, and the court issued some interim orders. On August 24, 2006, he appeared in the juvenile court for final disposition. In each case, the court committed Richard to the custody of the Department of Youth Services for a minimum of six months, but not to exceed his twenty-first birthday. It also ordered him to pay a $150 fine, plus court costs, in each case. At the July and August hearings, Richard's mother was present in court, but he was not represented by counsel, and there was no discussion of his right to an attorney.
 {¶ 5} In his first assignment of error on appeal, Richard contends that the juvenile court violated his right to counsel by failing to obtain a valid waiver of counsel or to appoint counsel in the absence of such a waiver. The state contends that Richard was "certainly aware" that he had a right to counsel and did not request an attorney or express an inability to pay for one. Thus, the state concludes that Richard waived his right to counsel.
 {¶ 6} R.C. 2151.352 provides, in pertinent part, that a child is entitled to representation by legal counsel at all stages of the proceedings under R.C. Chapter 2151 or Chapter 2152. It further provides that, if a party appears without counsel, the court shall *Page 3 
ascertain whether the party knows of his right to counsel and, if the party is indigent, of his right to be provided with counsel. Id.
 {¶ 7} As we have discussed in previous cases, there is no material difference with respect to the constitutional right to counsel between adult and juvenile proceedings. In re Doyle (1997), 122 Ohio App.3d 767,771, 702 N.E.2d 970; In re B.J., Montgomery App. No. 21537,2007-Ohio-17, at ¶ 8. Because there is no difference between adult and juvenile proceedings, a court must fully and clearly explain the right to counsel to a juvenile defendant, who then must affirmatively waive that right on the record. We have noted that:
 {¶ 8} ?`Like an adult's waiver, a juvenile's waiver of the right to counsel must be voluntary, knowing, and intelligent.' Doyle,122 Ohio App.3d at 771, citing State v. Gibson (1976), 45 Ohio St.2d 366,345 N.E.2d 399. In Gibson, the Ohio Supreme Court recognized that a criminal defendant has a constitutional right of self-representation, and [he] may defend [himself] when [he] voluntarily, knowingly, and intelligently elects to do so. Id. at 377-378. As we cautioned in State v. Dyer
(1996), 117 Ohio App.3d 92, 95, 689 N.E.2d 1034, however, `[c]ourts are to indulge in every reasonable presumption against the waiver of a fundamental constitutional right[,] including the right to be represented by counsel.' As a result, a valid waiver affirmatively must appear in the record, and the state bears the burden of overcoming the presumption against a valid waiver. Id." In re Bays, Greene App. Nos. 2002-CA-52 and 2002-CA-56, 2003-Ohio-1256, at ¶ 8.
 {¶ 9} Richard's right to counsel was not discussed at either of the hearings in the Miami County Juvenile Court. The state asserts that this omission was not significant because neither Richard nor his mother requested an attorney or indicated that they could not afford to hire one and because Richard was represented by an attorney in the *Page 4 
Montgomery County proceedings at which he was adjudicated to be delinquent. We disagree. Richard had a right to counsel at the dispositional hearing, and the burden was on the state to prove that that right had been properly waived. R.C. 2151.352; Doyle,122 Ohio App.3d at 771; In re B.J., 2007-Ohio-17, at ¶ 15. In essence, the state's position presumes a valid waiver and puts the burden on Richard to show that he was prejudiced by the court's failure to discuss the right to counsel with him. We must reject such an approach. Richard's right to counsel was violated by the juvenile court's failure to inform him of his right to an attorney at the dispositional hearing.
 {¶ 10} The first assignment of error is sustained.
 {¶ 11} In his second assignment of error, Richard contends that the juvenile court erred in failing to give him credit for time served in detention prior to the disposition of his case. We will address the alleged error because it is one that could recur when this case is remanded for a new dispositional hearing.
 {¶ 12} R.C. 2152.18(B) requires a juvenile court that commits a delinquent child to the custody of the department of youth services to state in its order of commitment the total number of days that the child has been held in detention in connection with the delinquent child complaint upon which the order of commitment is based. The department is then required to reduce the minimum period of institutionalization by that number of days. R.C. 2152.18(B); In re T.J., Clark App. No. 2005-CA-123, 2006-Ohio-4406, ¶ 16.
 {¶ 13} In Richard's case, the probation officer reported to the court that she did not think that Richard should be granted credit for time served in detention because he had not been cooperative and well-behaved. Accordingly, the juvenile court did not give Richard any credit for time served prior to the dispositional hearing. *Page 5 
 {¶ 14} The juvenile court's refusal to give credit for time served contradicts the statutory language, which provides that the courtshall state the number of days served and that the department of youth services shall give credit for that number of days. The court has no discretion in this regard, notwithstanding the delinquent's behavior in detention. We trust that the court will be mindful of this fact on remand.
 {¶ 15} The second assignment of error is sustained.
 {¶ 16} In his third assignment of error, Richard asserts that the juvenile court erred in failing to consider community service in lieu of financial sanctions. Because we are remanding this matter to the juvenile court for a new dispositional hearing, at which Richard will have the benefit of counsel, if he so chooses, this assignment of error is moot, and we will not address it.
 {¶ 17} The first and second assignments of error are sustained.
 {¶ 18} The judgment of the juvenile court will be reversed, and this matter will be remanded for a new dispositional hearing.
 BROGAN, J. and FAIN, J., concur. *Page 1