OPINION *Page 2 
{¶ 1} Defendant-Appellant, Mar'keise Huckleby, appeals the judgment of the Defiance County Court of Common Pleas, Juvenile Division, adjudicating him a juvenile delinquent and committing him to the Ohio Department of Youth Services (hereinafter referred to as "DYS"). On appeal, Huckleby asserts that the juvenile court violated his due process and equal protection rights by limiting his right of allocution and committing him to DYS without holding a disposition hearing. Finding that the juvenile court failed to adjudicate Huckleby on the misdemeanor count of the complaint, we dismiss this appeal for lack of a final appealable order.
 {¶ 2} In August 2006, in juvenile case number 26552-13 (hereinafter referred to as "case 13"), the Defiance Police Department filed a complaint alleging Huckleby was a delinquent on one count of theft of a cell phone in violation of R.C. 2913.02, a misdemeanor of the first degree if committed by an adult. Additionally, in juvenile case number 26552-14 (hereinafter referred to as "case 14"), the Defiance Police Department filed a complaint alleging Huckleby was a juvenile delinquent on three counts of theft of a credit card in violation of R.C. 2913.02
and R.C. 2152.02, felonies of the fifth degree if committed by an adult, and one count of vehicle trespass in violation of R.C. 545.06(d)[1]
and R.C. *Page 3 2152.02, a minor misdemeanor if committed by an adult. Both complaints arose from a single incident whereby a delivery driver's cell phone and wallet containing three credit cards were stolen from his truck during a delivery at a gas station. Subsequently, the juvenile court held an arraignment hearing on case 13, case 14, a separate case involving a curfew violation, and a separate parole (sic) violation.[2] Huckleby entered a denial of all allegations.
 {¶ 3} In September 2006, the juvenile court held an adjudication hearing on case 13, case 14, and the parole violation.[3] Prior to the adjudication hearing, Huckleby withdrew his denial of theparole violation and entered an admission to the parole violation, which the juvenile court accepted. The juvenile court then heard testimony regarding cases 13 and 14.
 {¶ 4} At the conclusion of the adjudication hearing, the juvenile court immediately proceeded to disposition on case 13, case 14, and theparole violation, in which it found as follows:
 The Court: All of [the] circumstantial evidence is sufficient to sustain the finding of delinquency and as both the phone and the wallet and cards were taken at the same time and place, it's logical to find that both were taken by the same person. Therefore, I find [Huckleby] to be delinquent based on theft of the cell phone and theft of the wallet containing the credit cards. *Page 4 Those are — that is a felony due to the specifically enumerated material, those being credit cards. And these findings are also to be an additional parole (sic) violation. However, as all the cards were taken at the same time, I don't believe they can be used as a separate basis for disposition on each card unless those cards are used and the testimony was that those cards have not been used and therefore I believe that that is only one disposition * * *. Based on all of that and based on the admitted parole (sic) violation previously found and the — in fact, there's even a parole (sic) violation here that wasn't found. [Huckleby], I've got a violation here that says you tested dirty when they checked you into the detention center.
 Huckleby: Yes sir.
 The Court: Well, based on all of that, on the parole (sic) violation, I'm going to recommit you on case number ten, [the parole violation], for a period of 45 to 90 days and commit you to [DYS] on case [14], for a minimum of six months, maximum to age 21 consecutive to the 45 to 90 days for the parole violation. Now in view of the fact that there were a number of separate violations here, and in view of the fact that I did not add any additional time for the theft of the phone [in case 13], I am not going to allow credit for this five or six weeks served pending trial. We'll just consider that what (sic) sentence on the phone was. So, commitment is for six months — minimum six, maximum to the age 21 plus 45 to 90 days consecutive.
(Hearing Tr., pp. 85-87). The juvenile court did not adjudicate Huckleby on the vehicle trespass count and, consequently, did not render disposition on that count. Likewise, the juvenile court's September 2006 judgment entry made no reference to any of the counts in the complaint; instead, it merely denoted that the juvenile court found the allegations in the complaint to be true and stated the disposition.
 {¶ 5} It is from this judgment that Huckleby appeals, presenting the following assignment of error for our review. *Page 5 
 THE JUVENILE COURT VIOLATED MAR'KEISE HUCKLEBY'S RIGHT TO DUE PROCESS AND EQUAL PROTECTION WHEN IT LIMITED HIS RIGHT OF ALLOCUTION AND COMMITTED HIM TO THE OHIO DEPARTMENT OF YOUTH SERVICES WITHOUT HOLDING A DISPOSITION HEARING, IN VIOLATION OF THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, ARTICLE I, SECTIONS 2 AND 16 OF THE OHIO CONSTITUTION CRIM.R. 32, JUV.R. 29, AND JUV.R. 34. (T.P. 84-87).
 {¶ 6} In his sole assignment of error, Huckleby asserts that the juvenile court violated his due process and equal protection rights by limiting his right of allocution and committing him to DYS without first holding a disposition hearing.[4] Specifically, Huckleby contends that the juvenile court violated his right of allocution by failing to allow his counsel to speak on his behalf and by failing to personally address him and ask him if he wished to speak in mitigation.[5]
 {¶ 7} Before we can reach the merits of Huckleby's assignments of error, we must first determine whether jurisdiction exists to hear this appeal. Appellate *Page 6 
jurisdiction is limited to review of lower courts' final judgments. Section 3(B)(2), Article IV of the Ohio Constitution. The issue of whether a judgment is a final appealable order is a jurisdictional question, which an appellate court may raise sua sponte. Chef ItalianoCorp. v. Kent State Univ. (1989), 44 Ohio St.3d 86, 87.
 {¶ 8} We recognize that, unlike adult criminal cases, juvenile cases are neither criminal nor penal in nature, but are "an administrative police regulation of a corrective nature." In re Good (1997),118 Ohio App.3d 371, 375, citing In re Haas (1975), 45 Ohio App.2d 187, 188
(citation omitted). In Ohio, being found a juvenile delinquent is different from being found guilty of a crime, In re Agler (1969), 19 Ohio St.2d 70, 80, and a juvenile delinquency proceeding has different rules than a criminal trial. See, e.g., R.C. 2151.35(A)(1) (juvenile court can conduct its hearings in an informal manner and may exclude the general public from a juvenile court hearing).
 {¶ 9} Juv.R. 29 governs the procedure in an adjudicatory hearing and provides, in pertinent part:
 Upon the determination of the issues, the court shall do one of the following:
 (1) If the allegations of the complaint * * * were not proven, dismiss the complaint;
 (2) If the allegations of the complaint * * * are admitted or proven, do any one of the following, unless precluded by statute:
 (a) Enter an adjudication and proceed forthwith to disposition;
 * * * *Page 7 
Juv.R. 29(F)(1)-(2)(a). Although Juv.R. 29 has no counterpart in the Criminal Rules, State v. Penrod (1989), 62 Ohio App.3d 720, 723, it is analogous to Crim.R. 32(C) insofar as Crim.R. 32(C) requires a trial court to "`set forth the plea, verdict or findings, and the sentence'" of a judgment of conviction. Courts have interpreted this portion of Crim.R. 32(C) as mandating that a trial court set forth the verdict or findings `as to each and every charge prosecuted against an accused.'State v. Brown (1989), 59 Ohio App.3d 1, 2, quoting Cleveland v.Rubenstein (1981), 8th Dist. No. 43415, 1981 WL 4582. The trial court's failure to do so renders the judgment substantively deficient and the absence of a signed journal entry reflecting the trial court's ruling as to each charge renders the order interlocutory and, therefore, not a final appealable order. Id.; see also State v. Gales, 8th Dist. No. 79922, 2002-Ohio-1660, and State v. Fyffe (1991), 4th Dist. No. 91CA1961, 1991 WL 87209.
 {¶ 10} Similarly, we interpret the pertinent language in Juv.R. 29(F) to require a juvenile court to determine all of the issues and adjudicate each and every count in a multiple-count complaint that is prosecuted against an accused juvenile and, where a juvenile is adjudicated a delinquent on more than one count, to render disposition on each count. See, e.g., State v. Moore, 3d Dist. No. 14-06-53,2007-Ohio-4941 (trial court's imposition of lump sum sentence upon multiple- *Page 8 
count conviction, as opposed to sentencing defendant on each conviction, did not constitute a final appealable order).
 {¶ 11} Here, the juvenile court held the September 2006 adjudication hearing regarding case 13, which involved one count of theft of a cell phone, and case 14, which involved three counts of theft of a credit card and one count of vehicle trespass. At the close of the hearing, the juvenile court adjudicated Huckleby a delinquent "based on theft of the cell phone and theft of the wallet containing the credit cards,"[6]
but failed to adjudicate him on the vehicle trespass charge in case 14. Thus, we find that the juvenile court's September 2006 judgment entry was interlocutory and, therefore, was not a final appealable order. Accordingly, we must dismiss this appeal for lack of jurisdiction.
Appeal Dismissed.
 SHAW and PRESTON, J.J., concur.
[1] We note that, after searching the Ohio Revised Code, R.C. 545.06(d) does not exist. Presumably, the vehicle trespass count in the complaint referred to a violation of a local ordinance.
[2] While the juvenile court referred to Huckleby's "parole" violation, we note that "parole" only applies in the adult criminal context after a criminal defendant has served a prison term. Nonetheless, we use "parole" throughout the opinion to be consistent, but we italicize it to emphasize that it is the incorrect term.
[3] We note that, in Huckleby's case file, the cases are misnumbered because no case number 11 exists. The case file contains cases 1-10, then cases 12-14. Although the juvenile court correctly referred to case 13 as case 12 and case 14 as case 13, we elect to reference them according to their official case numbers.
[4] Huckleby does not challenge the juvenile court's adjudication of him as a juvenile delinquent.
[5] We note that, while the juvenile court jointly adjudicated, rendered disposition, and entered a journal entry upon cases 13 and 14, Huckleby's appellate brief and argument only addressed case 14 and the disposition thereon. Accordingly, we only address case 14. However, we discourage the juvenile court from issuing a single judgment entry for two separate cases in the future. Moreover, although not directly before us, we note that the juvenile court's disposition on case 13 was improper insofar as the juvenile court failed to give Huckleby credit for time served in detention while the cases were pending and instead considered his time served in detention as the disposition for case 13. R.C. 2152.18(B) clearly states that, when a juvenile court commits a juvenile delinquent to DYS, the juvenile court "shall state in the order of commitment the total number of days that the child has been held in detention in connection with the delinquent child complaint upon whichthe order of commitment is based. The department shall reduce the minimum period of institutionalization that was ordered by the total number of days that the child has been so held in detention." (Emphasis added). See, also, In re R.A.I., 2d Dist. Nos. 2006CA43 2006CA44,2007-Ohio-2365, at ¶¶ 12-14.
[6] We also clarify that the complaint charged Huckleby with three separate counts of theft of a credit card, not theft of a wallet. The language used by the juvenile court suggests that the juvenile court adjudicated Huckleby delinquent on an offense not charged in the complaint — theft of a wallet. *Page 1