JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, R.W., appeals from the judgment of the juvenile division of the common pleas court adjudicating him delinquent of committing acts which, if committed by an adult, would constitute felonious assault. In a single assignment of error, R.W. challenges the sufficiency and manifest weight of the evidence to support the adjudication.
I. Facts and Procedural History {¶ 2} A complaint was filed in the juvenile court charging 16-year-old R.W. with two counts of felonious assault, each with one-and three-year firearm specifications. The trial court held an adjudicatory hearing during which two witnesses testified for the State.
 {¶ 3} Sakisha Curlee testified that she was at home on June 6, 2008, when she heard people talking outside her mother's first-floor bedroom window. When she pulled back the curtain on the window, she saw R.W., who was standing close to the window. When Curlee told him to get out of the yard, R.W. responded "f — you," then pointed a gun straight up in the air and fired it four or five times. Curlee testified that R.W. was not trying to shoot her or harm her "at all." Curlee's three-year-old niece, Lanajah Bradley, was standing in the upstairs hallway by a window when R.W. fired the shots.
 {¶ 4} Curlee called the police, and then went outside. She saw R.W. walking down the street to a neighbor's house, carrying the gun in a bag, so she *Page 4 
called the neighbor and told her that R.W. was coming. When the police arrived, Curlee told them where they could find R.W.
 {¶ 5} Cleveland police officer Mathias Varga found R.W. at the neighbor's house. After obtaining the owner's permission to search the house, he found a handgun inside a backpack in a corner of an upstairs bedroom that was shared by R.W.'s friend and his girlfriend.
 {¶ 6} R.W. was subsequently arrested and charged with two counts of felonious assault, each with one-and three-year firearm specifications; the victims were listed as Curlee and Bradley.
 {¶ 7} The juvenile court found R.W. delinquent of the two charges and sentenced him to one year in the custody of the Ohio Department of Youth Services on the felonious assault charges and one year consecutive on the firearm specification.
 {¶ 8} On appeal, R.W. challenges both the sufficiency and manifest weight of the evidence to support the adjudication.
II. Final Appealable Order {¶ 9} At the outset, we address the dissent's conclusion that this case does not involve a final appealable order.
 {¶ 10} The dissent opines that since the disposition in this juvenile matter was omnibus, i.e., it did not resolve each adjudication of delinquency by separate *Page 5 
disposition, and additionally, since there was no separate disposition of the three-year firearm specification, pursuant to Crim. R. 32(C) andState v. Baker, 119 Ohio St.3d 197, 2008-Ohio-3330, this is not a final appealable order. In support of this proposition, it cites In reHuckleby, 3rd Dist. No. 4-06-40, 2007-Ohio-6149.
 {¶ 11} As to the firearm specification, this matter is controlled by R.C. 2152.17(A)(1) and (2), not R.C. 2941.141. Under the juvenile sentencing provision, R.W. was appropriately sentenced to the minimum sentence pursuant to R.C. 2152.17(A)(2) and the maximum sentence pursuant to R.C. 2152.17(A)(1); hence there is a sentence for the merged firearm specifications.
 {¶ 12} As to the dissent's requirement that there be separate dispositions for each adjudicated act of delinquency, we likewise disagree. Baker, supra, and Crim. R. 32(C) involve rules of criminal procedure; they apply to cases involving adults, not juveniles. Proceedings in juvenile court are governed by the Rules of Juvenile Procedure.
 {¶ 13} The Rules of Juvenile Procedure "prescribe the procedure to be followed in all juvenile courts of this state in all proceedings within the jurisdiction of such courts ***." Juv. R. 1. For instance, juveniles do not "commit crimes"; they "engage in delinquent acts." They are not sentenced to jail or prison; they are "committed to the legal custody of the department of youth *Page 6 
services," generally for indeterminate periods. R.C. 2152.16. The "overriding purposes for dispositions under [the juvenile chapter] are to provide for the care, protection, and mental and physical development of children subject to [the juvenile chapter], protect the public interest and safety, hold the offender accountable for the offender's actions, restore the victim and rehabilitate the offender. These purposes shall be advanced by a system of graduated sanctions and services." R.C. 2152.01(A). On the other hand, the overriding purpose in felony sentencing is "to protect the public from further crime by the offender and others and to punish the offender." R.C. 2929.11.
 {¶ 14} The dissent cites Huckleby, supra, which uses Crim. R. 32(C) to interpret Juv. R. 29(F). Huckleby cites no case or statute in support of this proposition, however, nor does it advance any argument or analysis in support. Further, Huckleby is not binding upon this court; it is only persuasive. Rep.R. 4(B). We are not persuaded that we should apply the Ohio Rules of Criminal Procedure and the cases decided thereunder to juvenile matters. Juvenile procedure is adequately governed by the juvenile rules, and we discern no purpose in imposing felony sentencing procedure upon juvenile delinquency dispositions.
 {¶ 15} Accordingly, we hold that this case involves a final appealable order. *Page 7 
III. Sufficiency and Manifest Weight of the Evidence {¶ 16} An appellate court's function in reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus.
 {¶ 17} While the test for sufficiency requires a determination of whether the State has met its burden of production at trial, a manifest weight challenge questions whether the State has met its burden of persuasion. State v. Thompkins, 78 Ohio St.3d 380, 390. A reviewing court must examine the record, weigh the evidence and consider the credibility of witnesses. State v. Thomas (1982), 70 Ohio St.2d 79, 80. It may reverse the judgment of conviction if the factfinder "`clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'"Thompkins at 387, quoting State v. Martin (1983), 20 Ohio App.3d 172,175.
 {¶ 18} Under R.C. 2903.11(A)(2), which governs felonious assault, "[n]o person shall knowingly *** cause or attempt to cause physical harm to another *Page 8 
*** by means of a deadly weapon or dangerous ordnance." "A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature." R.C. 2901.22(B). A person "attempt[s]" a crime when he "purposely or knowingly *** engage[s] in conduct which, if successful, would constitute or result in the offense." R.C. 2923.02(A).
 {¶ 19} "Felonious assault requires a case by case analysis of the facts concurrent to the pointing of a gun." State v. Clark (June 27, 1991), 8th Dist. No. 58270. Here, the facts do not demonstrate that R.W. knowingly attempted to cause physical harm to either Curlee or Bradley, the alleged victims, when he pointed his gun straight in the air and fired several shots.
 {¶ 20} It is common knowledge that a firearm is an inherently dangerous instrumentality, use of which is reasonably likely to produce serious injury or death. State v. Widner (1982), 69 Ohio St.2d 267, 270. This court and others have consistently held that shooting a gun in a place where there is a risk of injury to one or more persons supports the inference that the offender acted knowingly. See, e.g., State v.Brooks (1989), 44 Ohio St.3d 185, 192; State v. Norris, 8th Dist. No. 91000, 2009-Ohio-34, ¶ 22; State v.Ivory, 8th Dist. No. 83170, 2004-Ohio-2968, ¶ 6;State v. Roberts (Nov. 9, 2001), 1st Dist. No. C-000756;State v. Phillips (1991), 75 Ohio App.3d 785, 792. *Page 9 
 {¶ 21} But in this case, both Curlee and Bradley were in the house when R.W. fired. Although bullets shot in the air will obviously come down somewhere, Curlee and Bradley could not have been injured when the bullets came down. As there was no risk of injury to the victims alleged in the indictment, R.W. did not knowingly attempt to cause them physical harm when he fired his gun into the air.
 {¶ 22} Further, to constitute felonious assault "there must be some overt act directed toward physical harm which is beyond behavior that merely causes another to believe physical harm is imminent [the offense of aggravated menacing]." Clark, supra. Here, not only was there no overt act directed toward harming Curlee or Bradley, Curlee did not feel threatened by R.W.'s conduct and in fact testified that he was not trying to hurt her or Bradley "at all."
 {¶ 23} On these facts, the State failed to produce sufficient evidence that R.W. knowingly attempted to cause physical harm to Curlee or Bradley. Accordingly, there was insufficient evidence to support the trial court's finding of delinquency on the felonious assault charges. As there was insufficient evidence, we need not address R.W.'s manifest weight of the evidence argument.
 {¶ 24} Appellant's assignment of error is sustained.
Reversed; convictions ordered vacated.
It is ordered that appellant recover from appellee costs herein taxed. *Page 10 
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MARY J. BOYLE, J., CONCURS.
ANN DYKE, J., DISSENTS WITH SEPARATE OPINION.