[Cite as *In re A.H.*, 2011-Ohio-2039.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
No. 95661

---

# IN RE: A.H.
# A Minor Child

---

## JUDGMENT:
## DISMISSED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Juvenile Division
Case No. DL 10100171

**BEFORE:**    Sweeney, J., Stewart, P.J., and Jones, J.

**RELEASED AND JOURNALIZED:**    April 28, 2011

**ATTORNEY FOR APPELLANT, A.H.**

Sheryl A. Trzaska, Esq.
Assistant State Public Defender
Office of the Ohio Public Defender
250 East Broad Street, Suite 1400
Columbus, Ohio 43215

**ATTORNEYS FOR APPELLEE, STATE OF OHIO**

William D. Mason
Cuyahoga County Prosecutor
By: Michael D. Horn, Esq.
        Justin S. Gould, Esq.
Assistant County Prosecutors
The Justice Center
1200 Ontario Street, 8th Floor
Cleveland, Ohio 44115

JAMES J. SWEENEY, J.:

**{¶ 1}** Defendant-appellant A.H. appeals his juvenile delinquency adjudication for felonious assault with firearm specifications. After reviewing the facts of the case and pertinent law, we dismiss the appeal for lack of a final, appealable order and remand with instructions to expeditiously enter disposition on all counts of delinquency pursuant to Juv.R. 29.

{¶ 2} On July 28, 2010, A.H. was adjudicated delinquent in juvenile court on one count of felonious assault in violation of R.C. 2903.11(A)(1) and/or (A)(2), with firearm specifications, and one count of attempted burglary in violation of R.C. 2911.12(A)(4) and R.C. 2923.02, with firearm specifications.

{¶ 3} On August 4, 2010, the court held a dispositional hearing and committed A.H. to the Ohio Department of Youth Services (ODYS) as follows: a minimum of 12 months for the felonious assault in violation of R.C. 2903.11(A)(2) to run consecutive to two years for the firearm specification, with "a maximum period not to exceed the child's attainment of the age of twenty-one (21) years."

{¶ 4} A.H. appeals and raises one assignment of error for our review, arguing that his adjudication for felonious assault with firearm specifications is against the manifest weight of the evidence. However, we lack jurisdiction to review this case because there is no final, appealable order, which is an issue appellate courts may raise sua sponte. *Chef Italiano Corp. v. Kent State Univ.* (1989), 44 Ohio St.3d 86, 541 N.E.2d 64.

{¶ 5} "A court of appeals has no jurisdiction over orders that are not final and appealable." *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, ¶6. See, also, Section 3(B)(2), Article IV, Ohio Constitution; R.C. 2505.02. In *Baker*, the Ohio Supreme Court interpreted Crim.R. 32(C) to hold that a defendant in a criminal case "is

entitled to appeal an order that sets forth the manner of conviction and the sentence." *Baker*, ¶18.

{¶ 6} Ohio courts have applied this concept to juvenile delinquency proceedings. The Ninth District Court of Appeals dismissed an appeal after the court adjudicated the juvenile delinquent for robbery, aggravated burglary, and theft, but disposed of only the robbery and aggravated burglary counts. *In re S.S.*, Summit App. No. 24565, 2009-Ohio-4515. The *In re S.S.* court relied on the Ohio Supreme Court's holding that "[i]t is rudimentary that a finding of delinquency by a juvenile court, unaccompanied by any disposition thereof, is not a final appealable order." Id. at ¶4 (quoting *In re Sekulich* (1981), 65 Ohio St.2d 13, 14, 417 N.E.2d 1014). See, also, *In re Huckleby*, Defiance App. No. 4-06-40, 2007-Ohio-6149.

{¶ 7} Juv.R. 29 governs juvenile delinquency proceedings, and it states in pertinent part that if the allegations in the complaint are proven, the court shall "[e]nter an adjudication and proceed * * * to disposition * * *." Juv.R. 29(F)(2)(a). Furthermore, Juv.R. 2(M) defines a "dispositional hearing" as "a hearing to determine what action shall be taken concerning a child who is within the jurisdiction of the court."

{¶ 8} This court has previously held than an "omnibus" disposition regarding multiple counts of delinquency with firearm specifications was a final, appealable order. *In re R.W.*, Cuyahoga App. No. 91923, 2009-Ohio-1255. However, the *In re R.W.* dissent opined that

there was not a final, appealable order because Juv.R. 29 required separate dispositions as to each count of delinquency, including the merger of firearm specifications,[1] as required under the law for adult criminal proceedings.

{¶ 9} In the instant case, it is clear that a blanket disposition could not cover all counts in the complaint against A.H., as the attempted burglary offense is not addressed in the dispositional order. Accordingly, the case at hand does not involve a final, appealable order under *In re R.W.*

{¶ 10} It stands to reason that a juvenile court must render a disposition as to each count for which a juvenile is adjudicated delinquent. To hold otherwise would risk leaving issues unresolved. For example, if we reversed A.H.'s delinquency adjudication for felonious assault with firearm specifications as being against the manifest weight of the evidence and vacated the disposition committing him to ODYS, A.H.'s delinquency adjudication for attempted burglary would be left unaccompanied by an explicit disposition. Akin to the adult criminal justice system, this is a conviction without a sentence. "A judgment that leaves issues unresolved and contemplates that further action must be taken is not a final appealable order." *State v. Threatt*, 108 Ohio St.3d 277, 2006-Ohio-905, 843

---

[1] We note that "[f]irearm specifications are not in and of themselves offenses[; rather], they are specifications attached to various offenses that enhance the penalty. The single act or transaction analysis is the appropriate test for determining the merger of specifications." *State v. Bonner*, Cuyahoga App. Nos. 93168 and 93176, 2010-Ohio-2885, ¶15 (internal citations omitted).

N.E.2d 164, ¶20 (quoting *Bell v. Horton* (2001), 142 Ohio App.3d 694, 696, 756 N.E.2d 1241).

{¶ 11} In the instant case, the court found that the allegations against A.H. were proven and adjudicated A.H. delinquent as to one count of felonious assault and one count of attempted burglary, both with firearm specifications. The court continued the matter for disposition. At the dispositional hearing, and in the journal entry committing defendant to ODYS, the court rendered a disposition only for the felonious assault count with firearm specifications. Because the court did not dispose of all the counts, the judgment is not a final, appealable order. Accordingly, we lack jurisdiction over this case, and this appeal is dismissed and the matter is remanded for further proceedings consistent with this opinion.

Dismissed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
JAMES J. SWEENEY, JUDGE

MELODY J. STEWART, P.J., and
LARRY A. JONES, J., CONCUR