[Cite as *In re D.M.*, 2011-Ohio-2036.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 95386**

---

## IN RE: D.M.
## A Minor Child

---

## JUDGMENT:
## DISMISSED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Juvenile Division
Case No. DL 10101613

**BEFORE:**    Sweeney, J., Stewart, P.J., and Jones, J.

**RELEASED AND JOURNALIZED:**   April 28, 2011

**ATTORNEY FOR APPELLANT, D.M.**

Susan J. Moran, Esq.
55 Public Square, Suite 1616
Cleveland, Ohio 44113-1901

**ATTORNEYS FOR APPELLEE, STATE OF OHIO**

William D. Mason
Cuyahoga County Prosecutor
By: Adreinne E. Montalvo, Esq.
Juvenile Justice Unit
2210 Cedar Avenue, 3rd Floor
Cleveland, Ohio 44115

JAMES J. SWEENEY, J.:

{¶ 1} Appellant D.M.[1] appeals following the dispositional hearing of the juvenile court on counts of delinquency. For the reasons that follow, we dismiss the appeal for lack of a final, appealable order and remand with instructions to expeditiously enter disposition on all counts of delinquency pursuant to Juv.R. 29.

---

[1] Juveniles are not identified by name pursuant to this Court's policy.

**{¶ 2}** D.M. appealed in case number DL 10101613[2] in which he was adjudicated delinquent on two counts: gross sexual imposition in violation of R.C. 2907.05(A)(1) and public indecency, in violation of R.C. 2907.09(A). Subsequently, the juvenile court imposed a sentence solely on the gross sexual imposition count. The judgment order was silent as to D.M.'s other adjudication of delinquency in this case.

**{¶ 3}** We lack jurisdiction to review this case because there is no final, appealable order, which is an issue appellate courts may raise sua sponte. *Chef Italiano Corp. v. Kent State Univ.* (1989), 44 Ohio St.3d 86, 541 N.E.2d 64.

**{¶ 4}** "A court of appeals has no jurisdiction over orders that are not final and appealable." *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, ¶6. See, also, Section 3(B)(2), Article IV, Ohio Constitution; R.C. 2505.02. In *Baker*, the Ohio Supreme Court interpreted Crim.R. 32(C) to hold that a defendant in a criminal case "is entitled to appeal an order that sets forth the manner of conviction and the sentence." *Baker*, ¶18.

**{¶ 5}** Ohio courts have applied this concept to juvenile delinquency proceedings. The Ninth District Court of Appeals dismissed an appeal after the court adjudicated a juvenile

---

[2] We note in this appeal that both parties discuss other matters that were addressed simultaneously at the disposition hearing in DL 10101613, however, besides the overlapping proceedings, the record consists only of the matter appealed.

delinquent for robbery, aggravated burglary, and theft, but disposed of only the robbery and aggravated burglary counts.   *In re S.S.*, Summit App. No. 24565, 2009-Ohio-4515.   The *In re S.S.* court relied on the Ohio Supreme Court's holding that "[i]t is rudimentary that a finding of delinquency by a juvenile court, unaccompanied by any disposition thereof, is not a final appealable order."   Id. at ¶5 (quoting *In re Sekulich* (1981), 65 Ohio St.2d 123, 14, 417 N.E.2d 1014).   See, also, *In re Huckleby*, Defiance App. No. 4-06-40, 2007-Ohio-6149.

{¶ 6}   Juv.R. 29 governs juvenile delinquency proceedings, and it states in pertinent part that if the allegations in the complaint are proven, the court shall   "[e]nter an adjudication and proceed * * * to disposition * * *."   Juv.R. 29(F)(2)(a).   Furthermore, Juv.R. 2(M) defines a "dispositional hearing" as "a hearing to determine what action shall be taken concerning a child who is within the jurisdiction of the court."

{¶ 7}   In *In re R.W.*, Cuyahoga App. No. 91923, 2009-Ohio-1255, a majority panel of this Court concluded that a blanket disposition on multiple counts of delinquency and gun specifications satisfied the requirements of a final, appealable, order.   The dissent in *In re R.W.* opined there was not a final, appealable order because Juv.R. 29 required separate dispositions as to each count of delinquency and specification as required under the law for adult criminal proceedings.   It is unclear whether the dispositional order in that case set forth all the counts of delinquency and related gun specifications.   However, in this case, the dispositional order clearly did not address the public indecency count for which D.M. had been

adjudicated delinquent. Therefore, even if it is considered permissible to infer a final, appealable order from a blanket sentence, we cannot do so in this case. There is nothing in the dispositional order from which we could infer that the juvenile court intended the sentence it imposed on the gross sexual imposition adjudication to encompass D.M.'s delinquency adjudication for public indecency.

{¶ 8} A juvenile court must render a disposition as to each count for which a juvenile is adjudicated delinquent. To find otherwise could lead to procedural difficulties notwithstanding the jurisdictional considerations. For example, if the sole count of delinquency bearing a disposition or sentence were vacated or reversed, we would be left with an adjudication of delinquency that had no disposition; which is the equivalent in the adult criminal justice system to a conviction without a sentence. "A judgment that leaves issues unresolved and contemplates that further action must be taken is not a final appealable order." *State v. Threatt*, 108 Ohio St.3d 277, 2006-Ohio-905, 843 N.E.2d 164, ¶20 (quoting *Bell v. Horton* (2001), 142 Ohio App.3d 694, 696, 756 N.E.2d 1241).

{¶ 9} Accordingly, the appeal is dismissed and the matter is remanded for further proceedings consistent with this opinion.

It is ordered that appellee recover of appellant its costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

JAMES J. SWEENEY, JUDGE

MELODY J. STEWART, P.J., and
LARRY A. JONES, J., CONCUR