[Cite as *In re D.N.*, 2011-Ohio-2932.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 96025

## IN RE: D.N.
## A Minor Child

## JUDGMENT:
## DISMISSED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Juvenile Division
Case No. DL 10116176

**BEFORE:** Rocco, J., Jones, P.J., and Keough, J.

**RELEASED AND JOURNALIZED:** June 16, 2011

-i-

**ATTORNEYS FOR APPELLANT**

Timothy Young
State Public Defender

BY:   Sheryl A. Trzaska
Assistant State Public Defender
Office of the Ohio Public Defender
250 East Broad Street, Suite 1400
Columbus, Ohio   43215

**ATTORNEYS FOR APPELLEE,
STATE OF OHIO**

William D. Mason
Cuyahoga County Prosecutor

BY:   Milko Cecez
Assistant Prosecuting Attorney
Juvenile Division
2210 Cedar Road, 3rd Floor
Cleveland, Ohio   44115

KENNETH A. ROCCO, J.,

{¶ 1}   Appellant D.N.[1] appeals from the order of the Cuyahoga County Court of Common Pleas, Juvenile Division, adjudging her a delinquent.   We find the juvenile court's order is not final and appealable.   Therefore, we must dismiss this appeal.

---

[1]The parties are not referred to by their names because it is this court's policy to protect the privacy of children.

{¶ 2} On September 3, 2010, a complaint was filed against appellant, a seventeen-year-old child, alleging she was delinquent by reason of having committed acts which, if committed by an adult, would constitute two felonious assaults with a hammer in violation of R.C. 2903.11(A)(2), one against her mother and one against her guardian. The complaint also alleged that appellant committed an act, which, if committed by an adult, would constitute the offense of domestic violence in violation of R.C. 2919.25(A), against another family member of her household. D.N. denied the allegations in the complaint and the case proceeded to an adjudicatory hearing on September 21, 2010.

{¶ 3} Following the hearing, and in its entry journalized on September 28, 2010, the juvenile court found "the allegations of the complaint have been proven beyond a reasonable doubt." Therefore, the court adjudicated appellant a delinquent.

{¶ 4} On October 19, 2010, the juvenile court issued its dispositional order and committed D.N. to the Ohio Department of Youth Services (ODYS) for a minimum of 12 months for one count of felonious assault with a maximum period not to exceed the child's attainment of the age of twenty-one years. The judgment order was silent as to appellant's other adjudications of delinquency in this case.

{¶ 5} "A court of appeals has no jurisdiction over orders that are not final and appealable." *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 897 N.E.2d 163, ¶ 6. This court, as well as others in this state, have held that "a juvenile court must render a disposition as to each count for which a juvenile is adjudicated delinquent. To hold otherwise would risk leaving issues unresolved." *In re A.H.*, Cuyahoga App. No. 2011-Ohio-2039; *In re D.M.*, Cuyahoga App. No. 95386, 2011-Ohio-2036. See, also, *In re S.S.*, Summit App. No. 24565, 2009-Ohio-4515; *In re Huckleby*, Defiance App. No. 4-06-40, 2007-Ohio-6149. The juvenile court's entry here did not dispose of the domestic violence or other felonious assault counts of delinquency. Therefore, we must dismiss this appeal.

It is ordered that appellant pay the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KENNETH A. ROCCO, JUDGE
LARRY A. JONES, P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR