[Cite as *In re F.I.*, 2014-Ohio-2336.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## CRAWFORD COUNTY

IN RE:

F.I.,

                          CASE NO. 3-13-19

ADJUDGED DELINQUENT CHILD,

                          **O P I N I O N**

    APPELLANT.


Appeal from Crawford County Common Pleas Court
Juvenile Division
Trial Court No. A2122429

Appeal Dismissed

Date of Decision:   June 2, 2014


APPEARANCES:

    *Charlyn Bohland*  for Appellant

    *Michael J. Wiener*  for Appellee

**SHAW, J.**

{¶1} Adjudicated-delinquent/appellant F.I. appeals the October 3, 2013 judgment entry of the Crawford County Common Pleas Court, Juvenile Division, denying F.I.'s "Motion to Vacate Disposition."

{¶2} The facts relevant to this appeal are as follows. On September 27, 2012, a complaint was filed in the Ashland County Common Pleas Court, Juvenile Division, alleging that the juvenile F.I. was a delinquent child. The complaint alleged that F.I. committed crimes that if committed by an adult would constitute Assault in violation of R.C. 2903.13(A), a felony of the fourth degree, Obstructing Official Business in violation of R.C. 2921.31(A), a felony of the fifth degree, and Resisting Arrest in violation of R.C. 2921.33(A), a misdemeanor of the second degree. Each of the three counts in the complaint alleged Delinquency in violation of R.C. 2152.02(F). F.I. entered pleas of denials to all three charges.

{¶3} On October 31, 2012, an adjudicatory hearing was held. The trial court found that the State proved all of the elements as alleged in the complaint beyond a reasonable doubt for all of the charged offenses. As a result, the court found that F.I. was a delinquent child.

{¶4} The trial court stated in its entry regarding adjudication that while F.I. had previously resided in Ashland County with her mother, her mother had moved

-2-

to Crawford County. Therefore, the court transferred the case to Crawford County Juvenile Court for Disposition.

{¶5} On December 7, 2012, the Crawford County Common Pleas Court, Juvenile Division, held a disposition hearing. The court ordered F.I. committed to the Ohio Department of Youth Services for a minimum of six months to a maximum of age twenty-one, suspended on the condition that there be no further offenses. (Doc. 6). The court also ordered F.I. to pay a $400 fine and court costs within six months, and gave F.I. credit for 42 days detention.

{¶6} On January 7, 2013, F.I. filed a notice of appeal.

{¶7} On April 15, 2013, this Court determined that the trial court's disposition did not constitute a final appealable order, as the trial court did not issue a disposition on each individual count, but rather issued a blanket disposition covering all three counts.

{¶8} On July 11, 2013, F.I. filed a "Motion to Vacate Disposition," arguing that F.I. had "fully completed her disposition" and thus the trial court "no longer has jurisdiction to make any further dispositions regarding her delinquency counts." (Doc. 16).

{¶9} On August 23, 2013, the State filed a reply to F.I.'s motion. (Doc. 20). On August 30, 2013, F.I. filed a response to the State's reply.

**{¶10}** On October 3, 2013, the trial court filed its judgment entry on the matter, denying F.I.'s "Motion to Vacate Disposition." (Doc. 22).

**{¶11}** It is from this judgment that F.I. appeals, asserting the following assignment of error for our review.

### ASSIGNMENT OF ERROR
**THE CRAWFORD COUNTY JUVENILE COURT ERRED WHEN IT DENIED [F.I]'S MOTION TO VACATE HER VOID JUVENILE COURT DISPOSITION.**

**{¶12}** In her assignment of error, F.I. contends that the trial court erred when it denied F.I.'s motion to vacate her juvenile court disposition.

**{¶13}** Before we address the merits of F.I.'s claim, we must address the same jurisdictional matter that this court previously addressed in dismissing F.I.'s initial appeal. We dismissed F.I.'s first appeal because the trial court's judgment entry of December 7, 2012 did not render separate dispositions for each count. *See In Re F.I.*, 3d Dist. Crawford No. 3-13-01, unreported, Judgment Entry (April 15, 2013), citing *In re Huckleby*, 3d Dist. No. 04-06-40, 2007-Ohio-6149, ¶¶ 10-11 (where this court established an order was not final in a juvenile case where there was not a separate disposition for each count); *see also In re S.S.,* 9th Dist. Summit No. 24565, 2009-Ohio-4515, ¶¶ 4-5; *In re D.N.*, 8th Dist. Cuyahoga No. 96025, 2011-Ohio-2932, ¶ 5. After the appeal was dismissed, F.I. filed her motion to vacate the original disposition as being void. The trial court then proceeded to address that motion, and when the trial court denied that motion, F.I. appealed.

No motion was made for the trial court to correct its original dispositional judgment, and the trial court has yet to correct that judgment, which still fails to enter a separate disposition for each delinquency count. Thus F.I.'s dispositions are still not final, and F.I. now appeals from an interlocutory order.

{¶14} Thus for the aforementioned reasons we find that F.I. again appeals from an order that is not final. Accordingly, we must dismiss F.I.'s appeal for lack of jurisdiction.

*Appeal Dismissed*

**WILLAMOWSKI, P.J. and PRESTON, J., concur.**

**/jlr**