[Cite as *In re D.S.*, 2024-Ohio-162.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

IN RE D.S.

A Minor Child

:
:
:
:
:
:

No. 112806

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** DISMISSED
**RELEASED AND JOURNALIZED:** January 18, 2024

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Juvenile Division
Case No. DL21103090

---

*Appearances:*

Elizabeth Miller, Ohio Public Defender, and Victoria Ferry, Assistant State Public Defender, *for appellant*.

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Anthony T. Miranda, Assistant Prosecuting Attorney, *for appellee*.

EMANUELLA D. GROVES, J.:

{¶ 1} D.S., DOB 12/25/2004, appeals the Cuyahoga County Juvenile Court's adjudication of him as a delinquent child. For the reasons that follow, we dismiss this appeal for lack of a final appealable order.

{¶ 2} On April 20, 2021, D.S. was charged as a juvenile for criminal offenses regarding two incidents that occurred on March 22, 2021, and April 1, 2021, respectively. The complaint alleged that D.S. committed grand theft of a motor vehicle (Count 9) on March 22, 2021. He was charged with aggravated robbery (Count 1); three counts of robbery (Counts 2 through 4); having a weapon while under disability (Count 5); two counts of theft (Counts 6 and 8); and improper handling of a motor vehicle (Count 7) for events that occurred on April 1, 2021. Counts 1-4 and 6 included one- and three-year firearm specifications.

{¶ 3} After a bench trial before a magistrate, the magistrate granted the defense's Juv.R. 29 motion for Counts 5 and 7, and found him delinquent for the remaining counts, including the firearm specifications. The juvenile court adopted the decision of the magistrate on January 23, 2022. Subsequently, on June 2, 2022, the juvenile court issued its order of disposition. The court's disposition was as follows:

> As to Count 1, the child herein is committed to the legal custody of the Department of Youth Services pursuant to R. C. 2152.16(1)(1)(d) for institutionalization in a secure facility for an indefinite term consisting of a minimum period of twelve (12) months and a maximum period not to exceed the child's attainment of the age of twenty-one (21) years. Counts 2-4 are merged with Count 1 for disposition.

> As to Count 6, the child herein is committed to the legal custody of the Department of Youth Services pursuant to R.C. 2152.16(A)(1)(e) for institutionalization in a secure facility for an indefinite term consisting of a minimum period of six (6) months and a maximum period not to exceed the child's attainment of the age of twenty-one (21) years. Said commitment shall be served consecutively to Count 1. Count 8 shall run concurrently to Count 6.

As to Count 9, the child herein is committed to the legal custody of the Department of Youth Services pursuant to R.C. 2152.16(A)(1)(e) for institutionalization in a secure facility for an indefinite term consisting of a minimum period of six (6) months and a maximum period not to exceed the child's attainment of the age of twenty-one (21) years. Said commitment shall be served consecutively to Count 6.

{¶ 4} D.S. appealed. We administratively dismissed the first appeal, finding that the juvenile court failed to provide a final appealable order where it did not issue a disposition for Count 8. *In re D.S.*, 8th Dist. Cuyahoga No. 111815, motion No. 560912 (Jan. 6, 2023).

{¶ 5} On February 3, 2023, the juvenile court filed a corrected journal entry. In it, the court noted that Count 8 was a misdemeanor offense and found "that the child may not be committed to DYS as the offense is classified as a misdemeanor of the first degree." The trial court did not include a disposition for Count 8 in this corrected journal entry and reiterated its previous holding that Count 8 would run concurrently with Count 6.

{¶ 6} The court of appeals has no jurisdiction over orders that are not final and appealable. *State v. Baker,* 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, ¶ 6. A final appealable order exists only when it meets "the requirements of both R.C. 2505.02, and, if applicable, Civ.R. 54(B) * * *." *Gehm v. Timberline Post & Frame*, 112 Ohio St.3d 514, 2007-Ohio-607, 861 N.E.2d 519, ¶ 15, quoting, *State ex rel. Scruggs v. Sadler*, 97 Ohio St.3d 78, 2002-Ohio-5315, 776 N.E.2d 101, ¶ 5. A final order that may be reviewed, affirmed, modified, or reversed by the court of appeals, is one that "affects a substantial right in an action that in effect determines

the action and prevents a judgment. R.C. 2505.02(B)(1). A "substantial right" is "a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect." R.C. 2505.02(A)(1).

{¶ 7} In a criminal case, a defendant is entitled to appeal an order that "sets forth the manner of conviction and the sentence." *Id*. at ¶ 18. This requirement applies to juvenile delinquency cases as well. A finding of delinquency without an accompanying disposition is not a final appealable order. *In re D.M.*, 8th Dist. Cuyahoga No. 95386, 2011-Ohio-2036, ¶ 5. "A judgment that leaves issues unresolved and contemplates that further action must be taken is not a final appealable order." *State v. Threatt*, 108 Ohio St.3d 277, 2006-Ohio-905, 843 N.E.2d 164, ¶ 20, quoting *Bell v. Horton*, 142 Ohio App.3d 694, 696, 756 N.E.2d 1241 (4th Dist.2001). Such an order does not meet the requirements of R.C. 2505.02(B)(1) because it does not determine the action or prevent a judgment. *Id*., citing *State ex rel. A & D Ltd. Partnership v. Keefe*, 77 Ohio St.3d 50, 53, 671 N.E.2d 13 (1996).

{¶ 8} "A juvenile court must render a disposition as to each count for which a juvenile is adjudicated delinquent." *Id*. at ¶ 8. Here the juvenile court did not issue any disposition at all for Count 8. While Count 8 is not eligible for commitment to the Department of Youth Services, there are other dispositions available to the court. *See* R.C. 2152.19.

{¶ 9} Accordingly, this appeal is dismissed.

It is ordered that the parties split the costs herein taxed.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EMANUELLA D. GROVES, JUDGE

KATHLEEN ANN KEOUGH, A.J., and
MARY J. BOYLE, J., CONCUR