OPINION
{¶ 1} Defendant James T. Russell appeals a judgment of the Court of Common Pleas of Licking County, Ohio, which ordered him to pay restitution in the amount of $3,540.00. Appellant assigns two errors to the trial court:
 {¶ 2} "I. THE TRIAL COURT ERRED IN ORDERING DEFENDANT TO PAY RESTITUTION.
 {¶ 3} "II. THE TRIAL COURT ERRED IN SETTING AMOUNT OF RESTITUTION."
 {¶ 4} The record indicates appellant pled guilty to eight counts of gross sexual imposition, four counts of rape, eleven counts of sexual battery, and six counts of corruption of a minor. The court sentenced appellant to an aggregate of ten years in prison, and ordered him to pay restitution. The court did not set an amount of damages in the January 26, 2005 judgment entry.
 {¶ 5} On February 21, 2006, the victim filed a motion to fix the amount of restitution. On June 26, 2006, the court conducted a hearing and ordered appellant to pay $3,540.00 in restitution.
 I {¶ 6} In his first assignment of error, appellant argues the trial court erred in ordering him to pay any restitution. Appellant argues in the trial court's original sentence restitution was set in the amount of zero dollars and was not appealed. Appellant submits the trial court does not have the statutory authority to modify the amount of restitution seventeen months after sentencing.
 {¶ 7} Had either party appealed the sentence, case law from this jurisdiction and others would have required us to remand the matter for the court to fix the amount of restitution, see, e.g.,State v. Shultz, Ashland App. No. 04COA08, 2004-Ohio-4303;State v. Mason Lucas App. No. L02-1211 and L02-1189,2003-Ohio-5974. It does not necessarily follow that the court may not fix the amount in an unappealed sentence.
 {¶ 8} Appellant argues to permit the trial court to set the amount of restitution now amounts to permitting the court to modify the sentence in violation of the Fifth Amendment prohibition against double jeopardy, see North Carolina v.Pearce (1969), 395 U.S. 711. He cites us to State v. Waddell
(1995), 106 Ohio App. 3d 600, as authority for the proposition a valid sentence cannot be substantially increased without violating the Double Jeopardy clause.
 {¶ 9} In State v. Back, Butler App. No. 2003-01-011,2003-Ohio-5985, the Twelfth District Court of Appeals examined a case where the trial court ordered the defendant to make restitution to the victim in an amount "to be determined". The court of appeals found this was an indefinite order of restitution, and the defendant could not have had any expectation of finality in an order stating the amount would be determined some time in the future, Back at paragraph 15. We find an unspecified amount is not the equivalent of zero dollars.
 {¶ 10} R.C. 2929.18 requires the trial court to determine the amount of restitution to be made at the time of sentencing. If the offender, victim, or survivor disputes the amount, the court may hold a hearing on the restitution amount. We find because the trial court did not complete its statutory mandate to assess the amount of restitution, the order was not final as to restitution, and the court did not increase appellant's sentence when it determined the amount.
 {¶ 11} The first assignment of error is overruled.
 II. {¶ 12} In his second assignment of error, appellant argues the trial court erred in setting the amount of restitution seventeen months after the prison sentence was imposed, thereby including damages the victim incurred after appellant was sentenced.
 {¶ 13} The statute directs the trial court to hold a hearing if the amount is in dispute, and the court did hold so. Because appellant did not provide us with a transcript of the proceedings, this court must presume the validity of trial court's proceedings, Knapp v. Edwards Laboratories, Inc.
(1980), 61 Ohio St. 2d 197.
 {¶ 14} The second assignment of error is overruled.
 {¶ 15} For the foregoing reasons, the judgment of the Court of Common Pleas of Licking County, Ohio, is affirmed.
By Gwin, P.J., Edwards, J., and Boggins, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Licking County, Ohio, is affirmed. Costs to appellant.