OPINION
{¶ 1} William Shade Miller, a minor child, appeals a judgment of the Court of Common Pleas, Licking County, Ohio, which found him to be a delinquent by reason of committing a theft which would be a misdemeanor if committed by an adult. Appellant assigns a single error to the trial court:
 {¶ 2} "I. THE TRIAL COURT ERRED IN FAILING TO ALLOW THE MINOR CHILD, WILLIAM SHADE MILLER, TO SUPPLEMENT HIS OBJECTIONS BY FILING A TRANSCRIPT OF THE PROCEEDINGS."
 {¶ 3} The record indicates appellant had been charged with theft of goods in excess of $500.00, which would be a felony of the fifth degree if committed by an adult. The matter was tried before a magistrate, who determined there was insufficient proof to determine the value of the property. A number of witnesses testified before the magistrate, including appellant's two co-defendants. The State presented evidence appellant had participated in the theft of another student's tools from a school shop area. Appellant presented witnesses who testified he was not involved in the theft, and contradicted certain of the codefendants' factual statements. On April 20, 2006, the magistrate filed his decision.
 {¶ 4} Appellant filed objections to the magistrate's decision on May 4, 2006. In his objections appellant argued the magistrate totally ignored the testimony of *Page 3 
appellant's witnesses. Appellant's objections also questioned the credibility of his two co-defendants.
 {¶ 5} The last paragraph of appellant's objections states: "The minor in this case will be seeking a transcript of the Trial and will supplement these objections once the transcript had been provided." Appellant did not file a precipe or motion for a transcript with his objections.
 {¶ 6} On the following day, May 5, 2006, the trial court overruled appellant's objections, finding they dealt with issues of fact, but no transcript or affidavit of the evidence accompanied the objections.
 {¶ 7} Ten days after the court's decision, appellant filed his request for a transcript, along with a motion for reconsideration of its earlier decision. The court sustained the motion for a transcript, but overruled the motion to reconsider. Appellant timely appealed both the court's original decision adopting the magistrate's decision, and the judgment overruling his motion to reconsider.
 {¶ 8} Generally, a motion to reconsider made in a trial court is a nullity, see Pitts v. Department of Transportation (1981),67 Ohio St. 2d 378; Cleveland Heights v. Richardson (1983), 9 Ohio App. 3d 152. Appellant's motion to reconsider was not properly before the trial court.
 {¶ 9} Juv. R.40 (E)(3) in effect at the time of the hearing states in pertinent part:
 {¶ 10} "(3) Objections.
 {¶ 11} "(a) Time for filing. A party may file written objections to a magistrate's decision within fourteen days of the filing of the decision, regardless of whether the court has adopted the decision pursuant to Juv. R. 40(E)(4)(c). If any party timely files *Page 4 
objections, any other party also may file objections not later than ten days after the first objections are filed. If a party makes a request for findings of fact and conclusions of law under Civ. R. 52, the time for filing objections begins to run when the magistrate files a decision including findings of fact and conclusions of law.
 {¶ 12} "(b) Form of objections. Objections shall be specific and state with particularity the grounds of objection.
 {¶ 13} "(c) Objections to magistrate's findings of fact. If the parties stipulate in writing that the magistrate's findings of fact shall be final, they may only object to errors of law in the magistrate's decision. Any objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of the evidence if a transcript is not available.
 {¶ 14} "(d) Waiver of right to assign adoption by court as error on appeal. A party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule."
 {¶ 15} Courts have held an objecting party must be afforded a reasonable time in which to secure the transcript, see, e.g., Helmke v.Helmke, Ottawa App. No. OT-04-029, 2005-CA-1388.
 {¶ 16} Effective July 1, 2006, the Rule was amended to provide: "* * * The objecting party shall file the transcript or affidavit with the court within thirty days after filing objections unless the court extends the time in writing for preparation of the transcript or other good cause. If a party files timely objections prior to the date on which a transcript is prepared, the party may seek leave of court to supplement the *Page 5 
objections." Juv. R. 40(D)(3)(b)(iii). The earlier version of the Rule applies to this case. See Juv. R. 47(R).
 {¶ 17} We find the trial court did not afford appellant a reasonable time in which to secure a transcript. There may well be practical reasons an appellant might delay ordering a transcript after filing objections.
 {¶ 18} Further, the trial court erred as a matter of law in overruling appellant's objections. The court stated "* * * as a matter of law the magistrate, as trier of fact, determines what weight, if any, to place on the testimony of each witness. The juvenile in his objections writes The magistrate totally ignored the testimony of Scott Johnson, who indicated that the minor child was not even present . . . ` Assuming for purposes of argument only that Scott Johnson provided alibi testimony for the juvenile offending at hearing (sic) upon what basis does the juvenile conclude that this testimony was ignored" as opposed to simply, "not believed"? Once again, the magistrate has great discretion to determine what weight is to be placed on the testimony of each witness. The juvenile does not allege that the magistrate abused that discretion." JE at 2, paragraph 4, emphasis sic.
 {¶ 19} In Wingard v. Wingard, Greene App. No. 2005-CA-09,2005-Ohio-7066, the court stated: "Magistrates are neither constitutional nor statutory courts. Magistrates and their powers are wholly creatures of rules of practice and procedure promulgated by the Supreme Court. Therefore, magistrates do not constitute a judicial tribunal independent of the court that appoints them. Instead, they are adjuncts of their appointing courts, which remain responsible to critically review and verify the work of the magistrates they appoint. * * * The trial court may not properly defer to the magistrate *Page 6 
in the exercise of the trial court's de novo review. The magistrate is a subordinate officer of the trial court, not an independent officer performing a separate function. * * * Wingard, paragraphs 17 and 18, citations deleted.
 {¶ 20} The Wingard court found a trial court commits reversible error if it applies an `abuse of discretion' standard to review the decision of its magistrate. "Inherent in the abuse of discretion standard are presumptions of validity and correctness, which acknowledge the independence of the inferior courts by deferring to the particular discretion they exercise in rendering their decisions. Because its magistrate does not enjoy that independence, such presumptions are inappropriate to the trial court's review of a magistrate's decisions. * * * Id. Although Wingard dealt with Civ. R. 53, Juv. R. 40 is analogous. The magistrate was not the finder of fact and did not have discretion to determine the weight and credibility of the evidence. A court must review a magistrate's decision even if no objections are filed, seeState v. Hughes (Feb. 28, 2003), Hamilton App. No. C-020035 C-020088, citations deleted.
 {¶ 21} The assignment of error is sustained.
 {¶ 22} The magistrate's decision provides as one of the conditions of his probation, appellant must pay one-third of the total loss, but does not state a definite amount. At trial, the magistrate indicated he believed the State could probably prove $300 or $400 of loss, but found the matter should go to mediation to determine the actual amount. The docket does not disclose whether the matter was referred to mediation, nor does the record contain a judgment entry stating the restitution amount.
 {¶ 23} In the recent case of State v. Russell, Licking App. No. 2006-CA-0071, 2006-Ohio-6012, this court reviewed an adult criminal case wherein the court ordered *Page 7 
the appellant to pay restitution in the amount of $3,540.00 in. InRussell, we found R.C. 2929.18 requires the trial court to determine the amount of restitution at the time of sentencing, and we held because the trial court did not complete its statutory mandate to assess the amount of restitution, the order was not final, Russell at paragraph 10.
 {¶ 24} The Juvenile Rules provide a child shall receive a written statement of the conditions of probation, and a court shall not revoke probation except upon a finding a child has violated a condition of probation of which the child had been notified. We find the order of restitution is not final and enforceable. If on remand the court accepts the magistrate's findings it should journalize the restitution recommended by the mediator.
 {¶ 25} For the foregoing reasons the judgment of the Court of Common Pleas, Juvenile Division, of Licking County, Ohio, is reversed and the cause is remanded to the court for further proceedings in accord with law and consistent with this opinion.
 Gwin, P.J., and Delaney, J., concur; Hoffman, J., concurs separately. *Page 8