BLACK, Appellee,

v.

BREWER, Admr., Appellant.

[Cite as *Black v. Brewer*, 178 Ohio App.3d 113, 2008-Ohio-4365.]

Court of Appeals of Ohio,
Fifth District, Stark County.

No. 2007CA00235.

Decided Aug. 26, 2008.

John V. Boggins, for appellee.

David V. Patton, for appellant.

DELANEY, Judge.

{¶ 1} Defendant-appellant Wade E. Brewer, administrator of the estate of Larry L. Brewer, appeals the judgment of the Stark County Court of Common Pleas to affirm the magistrate's decision issued on June 27, 2007.

## STATEMENT OF THE FACTS AND THE CASE

{¶ 2} Plaintiff-appellee, Frances Alice Black, and decedent Larry L. Brewer were involved in a close personal relationship and had lived together for approximately four years. Appellee and Brewer lived at Brewer's residence located in Alliance, Ohio. Appellee kept four horses at the premises.

{¶ 3} In early 2006, the relationship between appellee and Brewer ended, and appellee moved out of the home. She left most of her personal belongings and her horses at the property. On April 13, 2006, appellee returned to the home to care for her horses. Brewer suggested that appellee remove her Christmas decorations from the home, which were located in the basement. Brewer followed appellee into the basement, and he handed her the box of Christmas decorations. Appellee states that Brewer then struck her in the stomach, face, head, and arms.

{¶ 4} Brewer used duct tape and rope to tie appellee to a mattress he had placed in the back room of the basement. Appellee states that Brewer then sexually assaulted her. After approximately seven hours, Brewer released

appellee. She left the property and called the police. The police returned to the house and found the house engulfed in flames. Upon investigation and entry into the house, the police found Brewer's body in the basement and determined that he had committed suicide.

{¶ 5} Appellee filed a personal-injury action seeking compensatory and punitive damages against appellant, the estate of Larry L. Brewer. The case was tried before the magistrate on May 14, 2007. The trial was conducted over a two-day period with numerous fact witnesses. On June 27, 2007, the magistrate issued her decision, concluding that Brewer abducted appellee and committed common-law assault and battery against her. The magistrate awarded judgment in favor of appellee and against appellant for the intentional torts of abduction, assault and battery, and severe infliction of emotional distress. Appellee was awarded $5,194.38 in special damages, $50,000 for severe pain and suffering, anxiety and loss of enjoyment of life, and $10,200 for conversion.

{¶ 6} On July 11, 2007, appellant filed its objections to the magistrate's decision and praecipe for a transcript of the trial. Appellant objected to numerous findings of fact and conclusions of law made by the magistrate regarding both liability and damages. The trial court overruled appellant's objections and adopted the magistrate's decision on July 19, 2007. It is from this decision appellant now appeals.

{¶ 7} Appellant raises four assignments of error:

{¶ 8} "I. The trial court prejudicially erred because the magistrate's decision, and the judgment entry that adopted it, were against the manifest weight of the evidence.

{¶ 9} "II. The trial court prejudicially erred in awarding the appellee punitive damages because the punitive damages may not be awarded against an estate.

{¶ 10} "III. The trial court prejudicially erred in awarding the appellee punitive damages because the punitive damages award violated the appellant's due process

{¶ 11} "IV. The trial court prejudicially erred by not allowing appellant at least thirty days from the filing of its objections to submit the trial transcript to the trial court, by not granting a time extension to file the trial transcript, and by summarily adopting the magistrate's decision without reviewing the trial transcript."

{¶ 12} We will address appellant's fourth assignment of error first because it is dispositive of this appeal. Appellant argues that the trial court erred in adopting the magistrate's decision without affording appellant a reasonable time to file the transcript of the proceedings before the magistrate. We agree.

{¶ 13} Civ.R. 53(D) provides for proceedings in matters referred to magistrates. It states:

{¶ 14} "* * *

{¶ 15} "(3) *Magistrate's decision; objections to magistrate's decision.*

{¶ 16} "* * *

{¶ 17} "(b) *Objections to magistrate's decision.*

{¶ 18} *"(i) Time for filing.* A party may file written objections to a magistrate's decision within fourteen days of the filing of the decision, whether or not the court has adopted the decision during that fourteen-day period as permitted by Civ.R. 53(D)(4)(e)(i). If any party timely files objections, any other party may also file objections not later than ten days after the first objections are filed. If a party makes a timely request for findings of fact and conclusions of law, the time for filing objections begins to run when the magistrate files a decision that includes findings of fact and conclusions of law.

{¶ 19} *"(ii) Specificity of objection.* An objection to a magistrate's decision shall be specific and state with particularity all grounds for objection.

{¶ 20} *"(iii) Objection to magistrate's factual finding; transcript or affidavit.* An objection to a factual finding, whether or not specifically designated as a finding of fact under Civ.R. 53(D)(3)(a)(ii), shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available. With leave of court, alternative technology or manner of reviewing the relevant evidence may be considered. The objecting party shall file the transcript or affidavit with the court within thirty days after filing objections unless the court extends the time in writing for preparation of the transcript or other good cause. If a party files timely objections prior to the date on which a transcript is prepared, the party may seek leave of court to supplement the objections."

{¶ 21} Appellant filed his objections to the magistrate's decision on July 11, 2007. Appellant objected to the magistrate's findings of fact. In his brief, appellant made the following requests to the trial court regarding the trial transcript:

{¶ 22} "First, defendant intends to immediately request a transcript of the proceedings in this case from the court reporter. Second, defendant requests that the Court consider 'alternative technology or manner of reviewing the relevant evidence' in its consideration of these objections. Third, defendant intends to make all reasonable efforts to file the transcript within thirty days. In the event that the court reporter fails to prepare the transcript within thirty days, however, defendant requests an extension of time to file the transcript.

Finally, because the defendant has timely objected to the Magistrate's Decision before the transcript was prepared, defendant requests leave to supplement these objections. See Civ.R. 53(D)(3)(b)(iii)."

{¶ 23} Appellant also filed a praecipe for transcript of the trial with the trial court on July 11, 2007.

{¶ 24} On July 19, 2007, the trial court found appellant's objections to be not well taken and overruled the same. Appellant filed a notice of appeal on August 14, 2007. Appellant also filed a second praecipe for a transcript. Appellant then filed a motion with the trial court for leave to supplement the record with the trial transcript on October 22, 2007. In his motion, appellant states that the trial transcript was prepared and filed on September 26, 2007. The trial court overruled appellant's motion.

{¶ 25} In this case, we find that appellant's objections to the magistrate's decision concerned the magistrate's finding of facts, which appellant asserted were erroneous based upon the evidence presented at the two-day trial. We further find that appellant notified the trial court that he had requested the trial transcript and intended to file it with the trial court for its review pursuant to the requirements of Civ.R. 53(D)(3)(b)(iii). The trial court, however, adopted the magistrate's decision on July 19, 2007, within eight days of the filing of appellant's objections. The judgment entry is silent as to whether the trial court used alternative technology to consider appellant's objections to the magistrate's decision.

{¶ 26} Pursuant to Civ.R. 53, an objecting party must be afforded a reasonable time in which to secure the transcript. *In re Miller,* 5th Dist. No. 2006–CA–0059, 2007-Ohio-1435, 2007 WL 914863, ¶ 15, citing *Helmke v. Helmke,* Ottawa App. No. OT–04–029, 2005-Ohio-1388, 2005 WL 681305, ¶ 17–18. We find that appellant notified the trial court of his compliance with Civ.R. 52(D)(3)(b)(iii), but the trial court erred when it did not afford appellant a reasonable time in which to secure a transcript for its review of the magistrate's decision.

{¶ 27} Accordingly, we sustain appellant's fourth assignment of error. We further find it is unnecessary to address appellant's first, second, and third assignments of error based upon our disposition of the fourth.

{¶ 28} For the foregoing reasons, the judgment of the Stark County Court of Common Pleas is reversed, and the cause is remanded to the trial court for further proceedings in accord with law and consistent with this opinion.

Judgment accordingly.

HOFFMAN, P.J., and FARMER, J., concur.