{¶ 1} Plaintiff-appellant, JoAnna DeFrank-Jenne, appeals the Judgment of the Willoughby Municipal Court, overruling her objections to a Magistrate's Decision. For the following reasons, we reverse the decision of the municipal court and remand this matter for further proceedings. *Page 2 
 {¶ 2} On May 6, 2008, DeFrank-Jenne filed a Small Claim Complaint against defendant-appellee, Elizabeth Pruitt, dba Time After Time Studios. DeFrank-Jenne had contracted with Pruitt to photograph her wedding, which occurred in August 2007. DeFrank-Jenne's claims were based on breach of contract.
 {¶ 3} On June 23, 2008, a Small Claim hearing was held before a magistrate.
 {¶ 4} On August 12, 2008, the magistrate issued his Decision, finding in favor of Pruitt. The municipal court adopted the Magistrate's Decision the same day.
 {¶ 5} On August 26, 2008, DeFrank-Jenne filed Objections to the Magistrate's Report, raising several arguments that the Magistrate's Decision was not supported by the evidence.
 {¶ 6} On September 19, 2008, the municipal court entered Judgment, overruling the objections. The court held: "The Plaintiff raises objections to the factual issues but has failed to submit a transcript of all evidence submitted or an appropriate Affidavit as required by the Ohio Civil Rules of Procedure."
 {¶ 7} On October 17, 2008, DeFrank-Jenne filed her Notice of Appeal. She raises the following assignment of error: "The Trial Court Erred and Abused Its Discretion in Overruling Appellant's Objections to the Decision of the Magistrate."
 {¶ 8} The standard of review generally applied when reviewing a court's adoption of a magistrate's decision is abuse of discretion.Wade v. Wade (1996), 113 Ohio App.3d 414, 419; Stafinsky v.Stafinsky (1996), 116 Ohio App.3d 781, 785.
 {¶ 9} DeFrank-Jenne argues the municipal court erred and abused its discretion by overruling her objections, without allowing her thirty days to obtain and submit a transcript of the hearing before the magistrate. We agree. *Page 3 
 {¶ 10} "An objection to a factual finding, whether or not specifically designated as a finding of fact under Civ. R. 53(D)(3)(a)(ii), shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available. * * * The objecting party shall file the transcript or affidavit with the court within thirty days after filing objections unless the court extends the time in writing for preparation of the transcript or other good cause. If a party files timely objections prior to the date on which a transcript is prepared, the party may seek leave of court to supplement the objections." Civ. R. 53(D)(3)(b)(iii).
 {¶ 11} In the present case, DeFrank-Jenne filed her Objections on August 26, 2008. Thus, she had until September 25, 2008, to file a supporting transcript or affidavit. The trial court overruled her objections on September 19, 2008, while five days remained for filing the supporting transcript or affidavit.
 {¶ 12} Civil Rule 53 unambiguously grants a litigant thirty days in which to file a transcript in support of objections. The municipal court's decision to overrule DeFrank-Jenne's objections on the grounds that she failed to file a transcript prior to the expiration of this thirty-day period constitutes an abuse of discretion. Cavo v. Cavo, 4th Dist. No. 05CA14, 2006-Ohio-928, at ¶ 26 ("where the trial court denied Appellant's objections based on his failure to file a supporting transcript or affidavit when Appellant still had four days under the statute to file such supporting documentation, * * * the trial court acted unreasonably and therefore abused its discretion").
 {¶ 13} The previous version of Civil Rule 53 did not specify a time for filing the supporting transcript or affidavit. See, e.g., Ludlow vLudlow, 11th Dist. No. 2006-G-2686, 2006-Ohio-6864, at ¶ 17 ("the rule does not establish a time within which the *Page 4 
objecting party must file such evidence") (citation omitted). Courts interpreted the rule as affording litigants a "reasonable time in which to secure a transcript." Black v. Brewer, 178 Ohio App.3d 113,2008-Ohio-4365, at ¶ 26 (citations omitted).
 {¶ 14} Effective July 1, 2006, the Rule was modified to allow the objecting party thirty days to submit supporting evidence. Staff Note to Civ. R. 53 ("Sentence two of Civ. R. 53(D)(3)(b)(iii) adds a new requirement, adapted from Loc. R. 99.05, Franklin Cty. Ct. of Common Pleas, that the requisite transcript or affidavit be filed within thirty days after filing objections unless the court extends the time in writing for preparation of the transcript or other good cause."). It follows, then, that a court does not act reasonably when it affords a party less than thirty days from the date on which objections are filed to submit a transcript or affidavit in support.
 {¶ 15} There is no evidence in the record as to whether DeFrank-Jenne did or did not actually request a transcript or proceedings. Such evidence, however, is irrelevant. The rule is clear — a party who objects to a magistrate's ruling has thirty days to provide the record of the magistrate's proceedings. A court cannot preempt or reduce that thirty-day period by acting on the basis that no request for such transcript has been made as of a date before the thirty-day period has elapsed. Such a ruling would amount to a judicial rewrite of the Rule and unilateral judicial reduction of the mandated thirty-day period.
 {¶ 16} The sole assignment of error is with merit.
 {¶ 17} For the foregoing reasons, the judgment of the Willoughby Municipal Court, overruling DeFrank-Jenne's objections for failure to submit a transcript of the proceedings before the magistrate, is reversed and this matter is remanded for further *Page 5 
proceedings. DeFrank-Jenne will have five days in which to file a transcript, or otherwise comply with the requirements of Civ. R. 53(D)(3)(b)(iii). This matter is remanded for further proceedings consistent with this opinion. Costs to be taxed against appellee.
COLLEEN MARY O'TOOLE, J., concurs,
TIMOTHY P. CANNON, J., dissents with Dissenting Opinion.