[Cite as *State v. Korosi*, 2011-Ohio-2524.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 95404**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## DANA KOROSI

DEFENDANT-APPELLANT

**JUDGMENT:
REVERSED AND REMANDED**

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-468592

**BEFORE:** Rocco, J., Sweeney, P.J., and E. Gallagher, J.

**RELEASED AND JOURNALIZED:** May 26, 2011

-i-

**ATTORNEY FOR APPELLANT**

Thomas A. Rein
Leader Building
Suite 940
526 Superior Avenue
Cleveland, Ohio 44114

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

BY:   Daniel M. Kasaris
Assistant Prosecuting Attorney
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

KENNETH A. ROCCO, J.:

{¶ 1} Defendant-appellant Dana Korosi appeals from the trial court's order that found him to be in violation of his community control for failure to make adequate restitution and, consequently, imposed a five-year prison sentence.

**{¶ 2}** Korosi presents two assignments of error. He argues the trial court first should have determined if he had the ability to pay the restitution amount before finding that he had violated the terms of his community control. He further argues that the trial court should have permitted him until the end of the community control period before finding that he had violated its terms by failing to make adequate restitution.

**{¶ 3}** A review of the record compels this court to reverse the trial court's order, because plain error occurred. This case, therefore, is remanded for further proceedings consistent with this opinion.

**{¶ 4}** Korosi originally was indicted in this case in July 2005 on one count of theft, with the value of the property "being $100,000.00 or more[.]" He was declared indigent at his arraignment.

**{¶ 5}** In October 2005, after the parties exchanged discovery, Korosi entered a guilty plea to the indictment. The prosecutor stated at the plea hearing that Korosi's "guilt or innocence really wasn't in issue, it's the restitution amount." He also informed the court that the parties had "agreed, as far as the criminal part is concerned, the amount should be $190,000 and no higher * * * . So, therefore, Your Honor, we would agree that the amount of restitution for sentencing purposes would be $190,000."

{¶ 6} The prosecutor went on to state, "Further, Your Honor, to be fair, [Korosi] has paid a large portion of that back. I don't have the exact figures in front of me * * * but well in the neighborhood of, I believe, $130,000, $140,000 has been paid back. * * * "

{¶ 7} Defense counsel informed the court, "just for the record," that his client had "paid back about $160,000 * * *." When the trial court turned to Korosi to ask if the prosecutor and defense counsel were accurately setting forth the "plea agreement," Korosi answered, "Yes." At the conclusion of the colloquy, the trial court accepted Korosi's plea and referred him for a presentence report.

{¶ 8} A month later, the trial court conducted the sentencing hearing. Both the prosecutor and defense counsel stipulated to the accuracy of the presentence report.[1]

{¶ 9} Defense counsel told the trial court that Korosi "currently pays about $500 a month child support" and was "currently employed making a small salary." Apparently, the probation report correctly indicated Korosi had "sold his interest in [his] business, cashed in IRA's, sold a portion of the building and today paid back approximately $160,000 of the $190,000 that [was] involved" in the offense. Thus, Korosi had reached "rock bottom."

---

[1]Korosi has not requested this report to be included in the record.

Defense counsel also told the trial court Korosi's income for 2005 "to date," was $13,500, but that Korosi had a "deferred compensation account he will have access to when he is 60 years old that will allow him to pay off the balance * * * ."

{¶ 10} The trial court decided to sentence Korosi to "basic supervision" community control for three years, with the condition that he repay the remaining restitution amount. The court further stated, "The court will order the probation department to * * * calculate the restitution, * * * for the record now $30,000 in restitution. If that figure needs to be adjusted in the future, we can have a hearing between yourself and the probation officer, verify what the actual figure is, so I'm going to leave it up to you and your probation officer how much per month.

{¶ 11} "I want you to make monthly payments and report monthly to the probation department. * * * .

{¶ 12} "Also, you have to pay court costs and supervision fees, and remember that failure to comply with any of the rules and regulations of probation, * * * [y]ou are looking at a potential of five years in prison.

{¶ 13} "The thing that will land you in prison quicker than anything is a lack of effort on the monthly payments. You figure out how much you need to pay a month. And make small payments."

{¶ 14} The court asked Korosi when he would turn sixty years old, and, when Korosi responded, "July of '08," the court stated, "So that should be enough time. Community control sanctions. Have this paid off. I want to see monthly payments, efforts by you to make payments."

{¶ 15} Defense counsel raised a concern about the specific restitution amount. The trial court stated, "All right. I will put an Order in the record too that what is reflected in the PSI, as well as the prosecutor's office, $190,000 was the figure for restitution. Any payments [Korosi] made against that he will have credit for."

{¶ 16} Finally, defense counsel asked the trial court whether, if Korosi could make payments of only "50 or $100 a month, * * * that is considered tantamount to a violation." The court apparently turned to Korosi when it answered, "No. Between you and the probation officer * * * [y]ou figure it out. Probably 50 or $100 is probably right, but the probation officer and I just want you to make monthly payments. I don't care how much it is. * * * ."

{¶ 17} The court concluded the sentencing hearing by telling Korosi that, if "three years isn't enough to make the payment, we can extend. But I want to see efforts made every month to make a payment."

{¶ 18} The November 22, 2005 journal entry of Korosi's sentence states that he was sentenced to three years of community control. In spite of the trial court's assurance to defense counsel at the sentencing hearing about the specific amount of restitution, Korosi was ordered "to pay restitution that will be determined by the probation department," and notified that "violation of the terms and conditions may result in more restrictive sanctions or a prison term of 5 year(s) * * * ."

{¶ 19} In September 2008, the trial court issued a journal entry that indicated as follows: "Upon recommendation of the probation department and [Korosi] having waived any objections in writing[,] community control sanctions [are] extended to 11/16/2010."

{¶ 20} In January 2010, the trial court issued a journal entry setting a "community control hearing" in Korosi's case for "2/09/2010." The hearing actually proceeded on June 9, 2010.

{¶ 21} The trial court opened the hearing by stating that Korosi's probation officer had requested it and invited the officer to speak. The probation officer noted Korosi had been ordered to pay restitution, that his "probation [wa]s due to expire November the 16th, 2010," and he had "paid a total of $1,610 in restitution in almost four years." The probation officer

stated Korosi, "currently owes $99,201.58 in restitution, the $200 supervision fee, and the $75.50 in court costs."

{¶ 22} Korosi's new defense counsel, who stated he had been assigned for purposes of the hearing, informed the trial court that, although he and Korosi admitted full restitution had not been made, they disputed the amount owed. Counsel further stated Korosi "still owes $37,739," but Korosi "cashed in everything that he has, including his pension plans, including his real estate property, including certain proceeds from the sale of real estate, and all this money went to satisfy the outstanding debt * * * ."

{¶ 23} Defense counsel told the court that he had provided a "breakdown" of his client's current expenses, that "the IRS is garnishing everything that there is," that Korosi was living modestly, and that he was paying $162.00 a month to the probation department, which was "all he has." Counsel also stated that although he had contacted the victim for a calculation indicating "what was received," he had not heard anything. Counsel concluded by noting that there was approximately a $60,000.00 difference between what the probation department was claiming Korosi owed and what the amount actually should be.

{¶ 24} Korosi told the court he had been doing what he could, but the trial court stated as follows:

{¶ 25} "I have in front of me information from Mr. John Janis[2] with respect to a promissory note which you signed as the restitution amount that you owe

{¶ 26} * * . The total is 4,250,000, which is a settlement amount. It notes the payments that were made prior to your plea, which comport with the amounts that William Doyle[3] has provided in a letter. All the Court has is a letter from William Doyle. There are no canceled checks for me to consider. And it still shows, even based on these payments, $100,951 left in restitution that was owed.

{¶ 27} "You paid $1,610 in the last four years. * * * You know, I was told at sentencing that you were going to * * * cash in your pensions, your deferred compensation accounts, that this would all be paid back very shortly. I gave you a long time to make that happen. And I got $1,610 out of it.

{¶ 28} " * * * So the Court is going to find that you are a probation violator. You have not lived up to the conditions of your probation by paying the restitution." The court ordered a five-year prison term into execution, and told Korosi that if "this restitution amount is paid in full and the victims

[2]The record contains no hint of who this person is in relation to this case.

[3]See fn. 2.

[sic] in this case indicate to the Court they are satisfied, I would consider judicial release at that time."

{¶ 29} According to the resulting journal entry, Korosi was sentenced to five years in prison, and "when restitution is made, judge will consider judicial release." The trial court found Korosi indigent for purposes of appeal.

{¶ 30} Korosi filed his notice of appeal from the foregoing order. While his appeal was pending, this court remanded the case to the trial court for compliance with *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 897 N.E.2d 163. In relevant part, this court's order of remand noted the trial court's "sentencing journal entries fail to contain the total amount of restitution."

{¶ 31} As a result of this court's order, the trial court issued a journal entry that states in pertinent part the following:

{¶ 32} " * * * P/V entry dated 6-9-10 is corrected to include restitution information. * * *

{¶ 33} " * * * Pay restitution of $190,000 to Stroud Grandchildren Trust. Pay restitution through the probation department * * * ."

{¶ 34} Korosi presents two assignments of error, set forth below.

**{¶ 35} "I.    The trial court violated appellant's rights to due process and equal protection under the law when it found that he had violated the terms of his community control by failing to pay the entire restitution amount owed without first determining whether appellant had the ability to pay.**

**{¶ 36} "II.    The trial court erred when it sentenced appellant to prison for allegedly violating his community control sanctions prior to the expiration date."**

{¶ 37} Korosi argues the trial court acted improperly in sending him to prison without first making a specific determination that he had the ability to pay the restitution amount but refused to do so.   He also argues he should have been provided until November 16, 2010 to comply with the order of restitution.

{¶ 38} Upon a review of the record, however, this court cannot address Korosi's assignments of error because plain error occurred in the proceedings below at the original sentencing hearing, the "violation" hearing, and in the trial court's corrected "probation violation" journal entry.   These errors compel reversal of the latest journal entry and a remand of this case for further proceedings for the following reasons.[4]

---

[4]As discussed infra, this court must acknowledge that its order of limited

**{¶ 39}** First, the trial court's original order of sentence in this case did not contain the amount of restitution. This court noted in *State v. Brewer*, Cuyahoga App. No. 94144, 2010-Ohio-5242, ¶12-17, as follows:

**{¶ 40}** "'Generally, in a criminal case, the final judgment is the sentence. * * * The sentence is *the sanction* or combination of sanctions *imposed* by the sentencing court on an offender who pleads guilty to or is convicted of an offense. R.C. 2929.01(FF). The *sentence imposed* on an offender for a felony may *include financial sanctions*, including restitution *in an amount based on the victim's economic loss.* R.C. 2929.18(A)(1).' (Emphasis added.) *State v. Danison*, 105 Ohio St.3d 127, 2005-Ohio-781, 823 N.E.2d 444, ¶5-6.

**{¶ 41}** "Recently, the First Ohio Appellate District made the following observations:

**{¶ 42}** "'Restitution is a financial community-control sanction authorized by R.C. 2929.18(A)(1).' The statute identifies the manner in which the trial court may award restitution. * * * But '[i]f the court imposes restitution, *at sentencing*, the court shall determine the amount of restitution to be made by the offender.' (Emphasis sic.) Id.

**{¶ 43}** "'Therefore, the plain language of R.C. 2929.18(A)(1) establishes that *if the trial court orders restitution at sentencing,* it must *determine the*

---

remand pursuant to *Baker* was inappropriate.

*amount of restitution at that time.* There is no statutory authority for the trial court to exercise continuing jurisdiction to modify the amount of a financial sanction. * * *.' (Emphasis added.) *State v. Purnell*, 171 Ohio App.3d 446, 2006-Ohio-6160, 871 N.E.2d 613, at ¶8-9.

{¶ 44} "From the foregoing, it is reasonable to determine that when a sentencing entry in a criminal case includes an order of restitution, it also must contain an 'amount certain'; otherwise, it does not constitute a final order * * * .

{¶ 45} "Since the journal entry of sentence in this case is thus incomplete, it is not a final order * * * ."

{¶ 46} Similarly, in this case, although the trial court originally told Korosi that his sentencing entry would include the specific amount of restitution, the court failed to include any specific amount; thus, the sentence was never "final."

{¶ 47} Second, the record reflects that, although the restitution amount was disputed, the trial court never conducted a hearing on the amount Korosi owed before imposing the original sentence. Pursuant to R.C. 2929.18(A)(1), "prior to imposing restitution, a trial court must determine the amount of restitution to a reasonable degree of certainty, ensuring that the amount is supported by competent, credible evidence." *State v. Waiters*, Cuyahoga App.

No. 93897, 2010-Ohio-5764, ¶17, citing *State v. Warner* (1990), 55 Ohio St.3d 31, 69, 564 N.E.2d 18.

**{¶ 48}** *Waiters* held that, if the restitution amount is disputed, the record must include "documentary and/or testimonial evidence" that demonstrates the victim's economic loss; such evidence "must take into account * * * any offsets to the victim's economic loss and any mitigation of damages." Id., ¶18, quoting *State v. Bowman*, 181 Ohio App.3d 407, 2009-Ohio-1281, 909 N.E.2d 170, ¶12.

**{¶ 49}** As in *Waiters*, there is nothing in the record to provide any guidance to determine either the dollar amount of loss to the victim, the dollar amount Korosi actually repaid by the date of his original sentencing hearing, or even the specific victim or victims who were to be repaid. Under such circumstances, R.C. 2929.18(A)(1) required the trial court "to conduct an evidentiary hearing to determine the appropriate amount of restitution" prior to imposing sentence. Id., at ¶25; cf., *State v. Williams*, Cuyahoga App. No. 93625, 2010-Ohio-3418 (hearing unnecessary when a specific dollar amount is set forth in the record as part of the plea, and when the defendant neither disputes the specific dollar amount, nor disputes to whom he owes the restitution, nor disputes his ability to pay).

{¶ 50} Thirdly, the "corrected" journal entry issued in this case pursuant to this court's order of limited remand is improper. Although the journal entry purports to set a specific amount of restitution, the trial court issued it without conducting a hearing, without Korosi's presence, and even without an explanation for a figure now $160,000 more than the one originally orally imposed. The Second Appellate District faced a similar situation in *State v. Miller*, Clark App. No. 08CA0090, 2010-Ohio-4760, and held, at ¶33-34:

{¶ 51} "[P]er R.C. 2929.18(A)(1), restitution is an element of a sentence imposed, and 'the defendant must be physically present at every stage of the criminal proceeding and trial, including * * * the imposition of sentence.' Crim.R. 43(A)(1). When a sentence that was pronounced in open court is subsequently modified, and a judgment entry reflects the modification, the modification must have been made in the defendant's presence. *State v. Mullens*, Summit App. No. 23395, 2007-Ohio-2893.

{¶ 52} " * * * The State * * * argues that Defendant was not prejudiced * * * because the amount of restitution ordered, $11,730.20, was the amount of restitution that had been recommended in the presentence investigation report, which the court and the parties reviewed prior to the sentence that was imposed [originally]. We do not agree. Until an [actual] amount of restitution was imposed by the court, Defendant had no right to the hearing

to which he is entitled by R.C. 2929.18(A)(1), should he dispute the amount ordered. Further, a defendant's physical presence is always required, absent an express waiver."

{¶ 53} Under the circumstances presented in this case, therefore, the record demonstrates plain error occurred. The first instance occurred when, in the November 22, 2005 sentencing order, the trial court attempted to place Korosi on community control sanctions without conducting an evidentiary hearing on the specific amount of restitution Korosi owed, in violation of R.C. 2929.18(A)(1). The second occurred when the trial court conducted a "probation revocation" hearing, then "revoked" Korosi's "community control," although he had never properly been sentenced. See, e.g., *State v. Williams*, Hancock App. No. 5-10-02, 2011-Ohio-995. The third occurred when, in violation of Crim.R. 43(A), the trial court attempted to create a final sentencing order.

{¶ 54} For the foregoing reasons, the trial court's order is reversed, and this case is remanded with instructions to the trial court to conduct a hearing on the amount of restitution Korosi owes and a full resentencing hearing.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Case remanded to the trial court for further proceedings consistent with this opinion.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KENNETH A. ROCCO, JUDGE

JAMES J. SWEENEY, P.J., and
EILEEN A. GALLAGHER, J., CONCUR