[Cite as *In re B.B.*, 2011-Ohio-2928.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 95872**

---

## IN RE: B.B.
## A Minor Child

## Appeal by Mother

---

## JUDGMENT:
## REVERSED AND REMANDED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Juvenile Division
Case No. CU 04110521

**BEFORE:** Boyle, P.J., Jones, J., and Keough, J.

**RELEASED AND JOURNALIZED:** June 16, 2011

**ATTORNEY FOR APPELLANT MOTHER**

George W. MacDonald
848 Rockefeller Building
614 Superior Avenue, N.W.
Cleveland, Ohio   44113

**ATTORNEY FOR APPELLEE FATHER**

Kenneth K. McElroy
10205 Eliot Avenue, Suite 1
Cleveland, Ohio   44104

**GUARDIAN AD LITEM**

Christopher R. Lenahan
2035 Crocker Road
Westlake, Ohio   44145

MARY J. BOYLE, P.J.:

{¶ 1}   Appellant T.B.-P.[1] ("mother") appeals the   trial court's judgment adopting the magistrate's decision, overruling her objections, and granting appellee A.L.'s ("father") motion to modify custody of their minor daughter, B.B.   She raises a single assignment of error:

{¶ 2}   "The trial court erred in approving and entering judgment on a magistrate's decision before a transcript could be obtained."

---

[1]   The parties are referred to by their initials or title in accordance with this court's established policy regarding non-disclosure of identities in juvenile cases.

**{¶ 3}** Finding merit to the appeal, we reverse and remand for further proceedings.

<u>Procedural History and Facts</u>

**{¶ 4}** On March 24, 2010, father filed a motion to modify custody, seeking to be named the primary residential parent of B.B. Father alleged that the living conditions in the mother's home had changed to the detriment of B.B., that mother was failing to ensure that B.B. attended school, and that mother was not complying with the court's visitation order. A hearing was held before a magistrate on September 2, 2010. Following the hearing, the magistrate issued her written decision on September 8, 2010, granting the father's motion and designating him as the primary residential parent and legal custodian. Nine days later, mother, pro se, timely filed her objections on September 17, 2010, raising issues with some of the magistrate's factual findings. Four days after filing her objections, on September 21, 2010, mother filed two additional motions: (1) a request of the transcript of proceedings at the state's cost; and (2) leave to file supplemental objections once the transcript was ready. The following day, on September 22, 2010, the trial court overruled the mother's objections and adopted the magistrate's decision. The trial court also issued a more detailed judgment entry on September 23, 2010, adopting the magistrate's decision and setting forth its

specific reasons for doing so.

{¶ 5} On September 24, 2010, the magistrate ruled that mother's motions for the preparation of the transcript at state's costs and leave to file supplemental objections were moot because the trial court had already overruled the objections.

{¶ 6} Mother appeals, raising the following sole assignment of error:

{¶ 7} "The trial court erred in approving and entering judgment on a magistrate's decision before a transcript could be obtained."

## Civ.R. 53 — Transcript

{¶ 8} Mother argues that the trial court erred in ruling on her objections prior to reviewing the transcript when mother had specifically filed a request for the transcript within the governing time period. She further contends that her objections sufficiently raised a manifest weight of the evidence challenge, and therefore the trial court abused its discretion in overruling her objections without first reviewing the transcript. We agree.

{¶ 9} Civ.R. 53 governs the procedure for filing objections to a magistrate's decision. Relevant to this appeal, Civ.R. 53(D)(3)(b)(iii) provides that "[t]he objecting party shall file the transcript or affidavit with the court within thirty days after filing objections unless the court extends the time in writing for preparation of the transcript or other good cause. If a party files

timely objections prior to the date on which a transcript is prepared, the party may seek leave of court to supplement the objections." Thus, under this provision, mother had thirty days to file the transcript in support of her objections. The trial court, however, adopted the magistrate's decision on September 22, 2010 and later found mother's request for the transcript to be moot prior to the expiration of the thirty days. We find this to be erroneous.

{¶ 10} In addressing this same issue, Ohio appellate courts have repeatedly recognized that a trial court errs in ruling on a party's objections to a magistrate's decision without allotting the party "the requisite opportunity to obtain transcripts." *Haverdick v. Haverdick*, 11th Dist. No. 2010-T-0040, 2010-Ohio-6256, ¶17; see, also, *In re N.L.*, 11th Dist. No. 2009-T-0019, 2011-Ohio-1010, ¶18; *Lincoln v. Rush Expediting, Inc.*, 2d Dist. No. 23847, 2010-Ohio-5286, ¶9-10; *Black v. Brewer*, 178 Ohio App.3d 113, 117, 2008-Ohio-4365, 897 N.E.2d 163, ¶26. Here, despite the fact that mother specifically requested the transcript of the hearing and specifically sought leave to supplement her objections after receiving the transcript, the trial court nevertheless overruled her objections five days after they were filed. As recognized above, such action directly contravenes the time allotted under Civ.R. 53(D)(3)(b)(iii).

{¶ 11} While we recognize that mother is not automatically entitled to a

copy of the transcript at state's expense and that the decision to grant mother's motion rests within the discretion of the trial court, we note that mother also separately requested that a transcript be prepared. Thus, even if the trial court intended to deny mother's request to have the transcript prepared at state's expense, the trial court should have provided mother notice of its ruling and an opportunity to obtain the transcript at her own expense. Indeed, because the trial court was alerted that mother intended to obtain the transcript to support her objections, it should not have ruled on the objections until the expiration of the thirty days.

{¶ 12} Further, mother's objections raise issues with the magistrate's factual findings. Under these circumstances, "a trial court abuses its discretion when it rules on objections to a magistrate's report without the benefit of a transcript." *In re Wheeler*, 5th Dist. No. CT2004-0037, 2005-Ohio-220, citing *In re Moorehead* (1991), 75 Ohio App.3d 711, 600 N.E.2d 778. Thus, given that mother specifically challenged some of the magistrate's findings and further contested the magistrate's stated reasons for granting father's motion, a review of the transcript was necessary to dispose of mother's objections. See *Haverdick*, supra; *In re N.L.*, supra.

{¶ 13} The sole assignment of error is sustained.

Judgment reversed and case remanded for further proceedings

consistent with this opinion.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


MARY J. BOYLE, PRESIDING JUDGE

LARRY A. JONES, J., and
KATHLEEN ANN KEOUGH, J., CONCUR