[Cite as *TRE Properties v. Means*, 2013-Ohio-2588.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| TRE PROPERTIES | : | JUDGES: |
| | : | |
| | : | Hon. John W. Wise, P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | Case No. 2012CA00224 |
| | : | |
| BRIDGETTE DENISE MEANS | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:          Appeal from the Canton Municipal Court
                                 Case No. 2012 CVG 5140

JUDGMENT:                        REVERSED AND REMANDED

DATE OF JUDGMENT ENTRY:          June 17, 2013

APPEARANCES:

For Plaintiff-Appellee:                    For Defendant-Appellant:

Loren E. Souers, Jr.                       Gerald B. Golub
220 Market Ave. S., Suite 600              1340 Market Ave. N., Suite 1
Canton, OH 44702                           Canton, OH 44714

*Delaney, J.*

{¶1} Defendant-Appellant Bridgette Denise Means appeals the October 31, 2012 judgment entry of the Canton Municipal Court.

### FACTS AND PROCEDURAL HISTORY

{¶2} On August 8, 2012, Plaintiff-Appellee TRE Properties LLC filed a complaint in the Canton Municipal Court alleging breach of lease by Defendant-Appellant Bridgette Denise Means. The complaint stated when Means vacated the rental property on July 1, 2012, she owed TRE Properties $2918.00 in rent. She also had an unpaid water bill in the amount of $365.94 and an unpaid sewer bill in the amount of $236.20. The complaint also stated Means caused damage to the property beyond ordinary wear and tear, constituting deliberate and willful destruction of the property and entitling TRE Properties to reasonable attorney fees under R.C. 5321.05(C)(1). Included within the itemized list of damages to the property was a $1,500 loan to Means. Based on the breach of the lease and the damage to the property, TRE requested $14,998.98 in damages plus reasonable attorney fees.

{¶3} Means was served with the complaint on August 13, 2012. TRE Properties filed a motion for default judgment on September 14, 2012. The trial court granted the motion on September 14, 2012. The judgment entry, prepared by TRE Properties, stated:

> Upon motion of Plaintiff for default judgment, and Defendant being in
> default for answer, the Court finds the allegations on the complaint set
> forth are confessed by Defendant to be true and the Court finds on the
> issues joined in favor of the Plaintiff in the sum of $14,998.98. The Court

further finds sufficient evidence has been presented to determine that the damages suffered by Plaintiff constitute deliberate and willful destruction to Plaintiff's property by the Defendants, and that by reason thereof, Plaintiff is entitled to reasonable attorney fees under R.C. 5321.05(C)(1).

{¶4} On October 2, 2012, Means filed a motion for relief from judgment. In her motion, she disputed the general characterization of the damages in the judgment entry as "deliberate and willful destruction to Plaintiff's property." She argued some of damages included unpaid bills and a loan. She further argued the property damage was the result of a drain back up. TRE Properties responded to the motion.

{¶5} A magistrate conducted a hearing on the motion for relief from judgment on October 17, 2012. On October 18, 2012, the magistrate issued his report and denied the motion for relief from judgment. The magistrate's report did not contain any conspicuous Civ.R. 53(D)(3)(a)(iii) language. The docket does not reflect the magistrate's report was served on the parties.

{¶6} On October 26, 2012, the trial court, on its own motion, approved and confirmed the magistrate's report. The October 26, 2012 judgment entry was served on the attorneys by ordinary mail.

{¶7} Means filed an objection to the magistrate's report on October 30, 2012. The objection was silent as to whether Means intended to file a transcript of the October 17, 2012 hearing. Means did not file a motion for leave of court to supplement the objections with the transcript. On November 2, 2012, Means filed a precipe for transcript with the Clerk of Courts.

{¶8}   The trial court overruled Means's objection to the magistrate's report on October 31, 2012.

{¶9}   The transcript of the October 17, 2012 hearing was filed with the trial court on November 30, 2012.

**ASSIGNMENTS OF ERROR**

{¶10} Means raises three Assignments of Error:

{¶11} "I. THE TRIAL COURT COMMITTED ERROR WHEN IT RULED UPON THE REPORT OF THE MAGISTRATE ON ITS OWN MOTION BEFORE THE REPORT OF THE MAGISTRATE WAS SERVED UPON THE PARTIES.

{¶12} "II. THE TRIAL COURT COMMITTED ERROR WHEN IT REVIEWED AND OVERRULED THE DEFENDANT'S OBJECTION TO REPORT OF MAGISTRATE ON OCTOBER 31, 2012 BEFORE THE REPORT OF THE MAGISTRATE WAS SERVED UPON THE PARTIES.

{¶13} "III. THE TRIAL COURT COMMITTED ERROR WHEN IT APPROVED THE REPORT OF THE MAGISTRATE BASED UPON EVIDENCE THAT WAS NEVER PRESENTED AND DID NOT VACATE THE JUDGMENT ENTRY DESPITE FINDING BY THE MAGISTRATE THAT THE APPELLEE HAD STIPULATED AT THE HEARING THAT THE DAMAGES WERE NOT WILLFUL/WANTON DESTRUCTION OF PROPERTY WHICH WAS AN ADMISSION TO THE FRAUD PERPETRATED ON THE COURT."

**ANALYSIS**

*I.*

{¶14} Means argues in her first Assignment of Error the trial court erred in failing to serve the magistrate's report upon the parties before the trial court approved and confirmed the report.

{¶15} Civ.R. 53(D)(2)(a)(ii) reads, "A magistrate's order shall be in writing, identified as a magistrate's order in the caption, signed by the magistrate, filed with the clerk, and served by the clerk on all parties or their attorneys."

{¶16} The magistrate's report was filed on October 18, 2012. The docket of the Canton Municipal Court is silent as to whether the Clerk of Courts served the magistrate's report on the parties or their attorneys pursuant to Civ.R. 53(D)(2)(a)(ii). The docket shows the October 26, 2012 judgment entry by the trial court approving and confirming the October 18, 2012 magistrate's report was sent by ordinary mail to the parties' attorneys on October 26, 2012.

{¶17} Based on the docket of this case, we find the trial court erred in failing to comply with Civ.R. 53(D)(2)(a)(ii) by serving the magistrate's report on the parties or their attorneys. However, we find this error to be harmless because Means filed a timely objection to the magistrate's report within the 14 day period required by Civ.R. 53(D)(3)(b)(i). Further, pursuant to Civ.R. 53(D)(4)(b), the trial court is authorized to adopt or reject a magistrate's decision whether or not objections are timely filed.

{¶18} Means's first Assignment of Error is overruled.

*II./III.*

{¶19} We consider Means's second and third Assignments of Error together because they are interrelated. Means argues in both Assignments of Error the trial court erred in overruling her objections to the magistrate's report. We agree for procedural reasons.

{¶20} In her motion for relief from judgment, Means stated she was entitled to relief pursuant to Civ.R. 60(B)(3), fraud or misrepresentation. The complaint first alleged Means was liable for two unpaid utility bills and rent in arrears. The second allegation was Means committed deliberate and willful destruction to the rental property, beyond ordinary wear and tear. In the judgment entry granting default judgment in favor of TRE Properties, the trial court found the *total* "damages suffered by Plaintiff constitute deliberate and willful destruction to Plaintiff's property by the Defendants." (Sept. 14, 2012 Judgment Entry). Means argued in her motion for relief that unpaid bills could not be considered "willful and wanton destruction" of Plaintiff's property. Further, she argued the damage to the property was not caused by Means's intentional acts.

{¶21} In the magistrate's report overruling Means's motion for relief from judgment, the magistrate found that no fraud was perpetrated on the trial court so as to grant relief from the judgment. The magistrate determined the complaint set out two categories of damages: (1) damages resulting from the failure to pay certain bills timely and (2) actual physical damages to property as a result of willful/wanton destruction of property. (October 18, 2012 Magistrate's Report). Attorney for TRE Properties stipulated at the hearing the damages in first category were not willful or wanton destruction of property. *Id.*

{¶22} Means objected to the magistrate's report on October 30, 2012. She argued the evidence in the hearing showed the first category of damages was not willful or wanton destruction of property, but the judgment entry granting judgment in favor of TRE Properties reflected the total amount of damages complained by TRE Properties was willful and wanton destruction to its properties.

{¶23} Civ.R. 53(D)(3)(b)(iii) states:

An objection to a factual finding, whether or not specifically designated as a finding of fact under Civ.R. 53(D)(3)(a)(ii), shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available. With leave of court, alternative technology or manner of reviewing the relevant evidence may be considered. The objecting party shall file the transcript or affidavit with the court within thirty days after filing objections unless the court extends the time in writing for preparation of the transcript or other good cause. If a party files timely objections prior to the date on which a transcript is prepared, the party may seek leave of court to supplement the objections.

Means filed a precipe for transcript on November 2, 2012.

{¶24} The trial court overruled Means's objection to the magistrate's report on October 31, 2012. The transcript was filed with the trial court on November 30, 2012.

{¶25} In *Black v. Brewer*, 178 Ohio App.3d 113, 2008-Ohio-4365, 897 N.E.2d 163, ¶ 26, this Court held, "Pursuant to Civ.R. 53, an objecting party must be afforded a reasonable time in which to secure the transcript. *In re Miller,* 5th Dist. No. 2006–CA–

0059, 2007-Ohio-1435, 2007 WL 914863, ¶ 15, citing *Helmke v. Helmke,* Ottawa App. No. OT–04–029, 2005-Ohio-1388, 2005 WL 681305, ¶ 17–18."

{¶26} In this case, we find that Means's objection to the magistrate report concerned the magistrate's factual findings.   By overruling the objection to the magistrate's report one day after the objection was filed, we find the trial court did not comply with Civ.R. 53(D)(3)(b)(iii).

{¶27} We affirm Means's second and third Assignments of Error.

**CONCLUSION**

{¶28} The first Assignment of Error of Defendant-Appellant Bridgette Denise Means is overruled.

{¶29} The second and third Assignments of Error of Defendant-Appellant Bridgette Denise Means are affirmed.

{¶30} The October 31, 2012 judgment entry of the Canton Municipal Court is vacated and the matter remanded to the trial court for further consideration consistent with this opinion and law.

By: Delaney, J.,

Wise, P.J. and

Baldwin, J., concur.


    HON. PATRICIA A. DELANEY


    HON. JOHN W. WISE


    HON. CRAIG R. BALDWIN


PAD:kgb